RAMON GARCIA, *alias* ANTONIO TALAMENTEZ V. THE STATE.

No. 20676. Delivered November 27, 1940.

The opinion states the case.

*Robert M. Sellers,* of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *Harold S. Long,* Assistant District Attorney, both of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the District Court of El Paso County under a charge of assault with intent to murder.

It is alleged in the indictment charging assault to murder that he was duly and legally convicted in the District Court of the United States for the Western District of Texas on January 15, 1937, for a felony, to-wit—unlawfully entering into the United States of America after having been legally deported. It alleges another conviction on a similar charge in the United States District Court for the District of Arizona on the 4th day of May, 1935. It is further alleged that on the 19th day of November, 1926, he was convicted in the Superior Court of Marin County, California, for a felony less than capital, to-wit: escaping from the state prison. It is further alleged that on the 11th day of April, 1922, he was convicted in the Superior Court of Estanislaus County, California, for a felony less than capital, to-wit: burglary.

Upon the court's charge on these issues, the jury found appellant guilty and assessed his punishment at life imprisonment in the penitentiary.

The enhanced penalty is fixed in this case by authority of Article 63, Vernon's Annotated Penal Code, which reads as follows: "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

It is contended by the appellant that in order to support

the life sentence under the statute quoted, the previous felonies must have been committed within the State of Texas, and that they must have been convictions in the state courts. These contentions will not be sustained. This court has heretofore held that a conviction in the Federal Court of previous offenses will support the imposition of the life sentence. (See Arnold v. State, 74 S. W. (2d) 997.) It is well settled that convictions of a felony in other states will support the enhancement of the penalty.

The only question which we consider to be open for interpretation by this court is whether or not the prior convictions must be for offenses which are denounced by the laws of Texas as felonies. By statutory enactments, several states, among them Louisiana, California and New York, provides that the convictions, if had in other states, must be for felonies denounced as such by the laws of these states. So far as we are able to find, no state has, by statutory enactment, provided specifically that the life imprisonment or increased punishment may be imposed because of convictions in another state for a felony not so denounced by the laws of the convicting state.

The history of that section of our statute is not such as will reveal the intention of the Legislature in this regard. It first appears in the original codification known as Texas Codes, dated 1857. There is but little difference in the language, and no substantial difference in the meaning of this article, as it appeared in the various codifications of our penal statutes through the years.

Arnold v. State, dated May 30, 1934, and reported in 74 S. W. (2d) 997, makes this pronouncement: "The offense of which the appellant was convicted in the federal court is one that is denounced as a felony punishable by imprisonment in the penitentiary by the statutes of this state and of the United States."

It is further said in the same opinion: "The exact point that appellant stresses, namely, that the conviction in the federal court cannot be used to enhance the penalty against him, as above stated, has not been passed on so far as the members of this court are aware. Considered in the light of the precedents, however, upon the general subject of the trial of habitual criminals, no sound reason is perceived for setting aside the present judgment. As stated above, one of the prior convictions against the accused was in the United States court. It was in the state

of Texas, however, and was for an offense denounced by the statutes of the state."

While it may be understood that this opinion lays down no rule on the subject, it is a strong intimation that the felony conviction in another state, in order to be used to enhance the punishment in this State, should also be one that is denounced as a felonly by our law. So far as this court is able to discover, as above stated, the exact question has been decided by only one court of last resort, that of the State of Wisconsin in the case of Kirschner v. The State, 9 Wis. Rep. 140, decided in 1859. The following excerpt from that opinion is in point: "Inasmuch as each state has a criminal code peculiar to itself, so that what may be regarded as an infamous crime in one state may not be in another; we are furthermore of opinion that the record offered in this case was defective in not containing a copy of the indictment upon which the conviction is alleged to have taken place. Without the indictment it is impossible for the foreign tribunal to know the nature or degree of the offense, or whether it was an offense denominated infamous or not in the state where it is to be used."

This case is so remote in time and the statute, though it has appeared in practically every state one hundred years and more, has not been generally resorted to until in recent years. In this, there is an indication that changing conditions have created a greater demand for its enforcement, and a proper analysis of these conditions might reveal that it is a new demand. If a new demand, a different interpretation may be given.

In the case before us for consideration, it is only shown that appellant was once convicted for an offense that was a felony under the laws of the State of Texas,—that of burglary in the State of California. The record of his convictions reflect enough to show that there were other convictions than the four relied upon. This is not a case in which we may indulge any sympathy for the particular individual involved. He seems to have been a Mexican outlaw. He had been convicted of crime under the laws of the United States and forbidden to re-enter it. He has shown every contempt for the law and for the Government. In the present offense, there is no denial of his guilt. He had stolen an automobile on the Texas side, and in escaping across the line into Mexico he attempted to kill a deputy sheriff who stopped him at the border. It is a bad case, but it has been aptly said that, "bad cases make bad laws."

It has often been commented that such a statute is a harsh

one. and it is generally conceded that harsh statutes must be strictly construed. There is no good reason why the Legislature should not have written into its statute, if it had so intended, as Louisiana, California and New York have written, that in order to support the life imprisonment the convictions for felonies in other states must be for crimes denounced as felonies in this State. For a still better reason, if the Legislature had intended to define a felony as including any offenses which the statutes of Texas do not include, it might have said so. (Kinney v. State, 45 Tex. Cr. Rep. 500, has long been in the books.) The Legislature has met many times since and has taken no action to change the law. Three regular sessions of the Legislature have been held since Judge Morrow wrote the opinion in the Arnold case. While he did not lay down a rule, he did give a strong intimation, sufficient to call the attention of the Legislature to the view which this court would take. In these three regular sessions the Legislature has not acted, and we can only construe their failure to act as an indorsement of the construction of our statute which these cases give to it.

An example of legislative enactment which may be of assistance in discovering the legislative intent in the matter before us is found in the suspended sentence law. There it is provided that a suspended sentence may be given to one who "has never before been convicted of a felony in this or in any other State." Clearly, there it was meant to include a felony as defined by the laws of any other state. This court has so held. The language is in contrast with the enhancement statute. The Legislature could have said, "in this or in any other state" and by the addition of that phrase it would have been shown that the intention was to apply to all felony convictions in other states, whether the crime was denounced as a felony in Texas or not. Inasmuch as they failed to do so in the one case, it may be reasonably presumed that they did not intend to so include all such convictions.

While feeling free under the decisions of this State, and of other states, to construe the statute in the light of legislative intent, we are constrained to believe that the rules of construction direct that we should hold that convictions for felonies in another state will not support the enhanced penalty in Texas unless they are for crimes that are denounced by the Legislature of Texas as felonies.

We overrule all other matters presented in this appeal.

The cause is reversed and remanded for a new trial.