J. R. CLARK V. STATE.

No. 24826. May 17, 1950.

*Wallace B. Moore,* Dallas, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted under an indictment which charged the primary offense of burglary, and in which it was alleged that he had been previously convicted in the same court of burglary, and in a United States District Court for the offense of conspiracy to possess explosives illegally. The jury finding him guilty, a life sentence was imposed by the court, from which he appeals.

Each of the prior offenses were alleged to be felonies less than capital, and it was properly alleged that each subsequent conviction was for an offense committed by appellant subsequent to the previously alleged conviction.

The sole question raised upon this appeal is the sufficiency of the prior conviction in the Federal Court of the offense of conspiracy to possess explosives illegally, a felony under the laws of the United States at the time of its commission and at the time of the trial, but not an offense under the laws of Texas.

Appellant contends that such a conviction is not available to the state for the purpose of enhancing the punishment and is insufficient to support the judgment assessing against appellant a life sentence as an habitual criminal under Art. 63, P. C.

Appellant relies upon the decision of this court in Garcia v State, 140 Tex. Cr. R. 340, 145 S. W. 2d 180, and the state's attorney concedes that such decision supports appellant's contention.

It is contended however that the Garcia case is erroneous, and should be overruled, and our attention is directed to the decisions wherein similar convictions in the Federal Courts, for offenses of the grade of a felony under the laws of the United States, but not a crime denounced as a felony under the laws of this state, have been held sufficient as a basis for revocation of a suspended sentence under the provisions of Art. 779, C.C.P., another reformatory statute. See Brown v. State, 105 Tex. Cr. R. 586, 289 S. W. 682; Floyd v. State, 132 Tex.

Cr. R. 541, 106 S. W. 2d 301; Edwards v. State, 134 Tex. Cr. R. 512, 116 S. W. 2d 711.

In Brown v. State, supra, it is made clear that the basis for the holding is the wording of the suspended sentence statutes, Arts. 776 and 779, C. C. P.

Construing the provision "convicted of a felony in this or any other State" as used in Art. 776, C.C.P., in connection with the requirement of Art. 779, C.C.P., requiring revocation of the suspension of sentence "upon the final conviction of the defendant of any other felony" the conclusion was reached that a felony conviction in any other state would affect the right to a suspended sentence in the first instance, and therefore no reason was seen why a revocation should not result for the same reason.

Recognized to be an exception to the rule, the cases cited tend to support, rather than detract from, the correctness of the rule as applied in Garcia v. State, supra.

If based upon reason at the time, the decision in Garcia v. v. State has further support in reason now.

In Arnold v. State, 127 Tex. Cr. R. 89, 74 S. W. 2d 997, it was strongly intimated that this court entertained the view that in order to enhance the punishment, under Art. 63, P.C., a felony conviction in another jurisdiction must be for an offense denounced as a felony by the laws of Texas.

In the Brown case, supra, attention was directed to that case, and it was observed that the legislature, with notice of our view, had not seen fit to change the law.

Brown v. State, supra, was decided by this court November 27, 1940, and there can be no question that as there construed, Art. 63, P.C., referring to conviction for felonies, was held to require previous convictions in the courts of Texas or convictions in other jurisdictions of felonies under the law of such jurisdiction that are likewise denounced as such by our laws.

And the fact that the statute remains unchanged to this date confirms our conclusion that the legislature has endorsed such construction.

The indictment being insufficient to support a conviction im-

posing a life sentence under Art. 63, P. C., the judgment is reversed and the cause remanded.

Opinion approved by the court.