**Preston A. PUCKETT, Petitioner,**

v.

**O. B. ELLIS, General Manager, Texas Department of Corrections, and Eli F. Rushing, Warden, Texas Prison Eastham Farm No. 1, Respondents.**

**Civ. A. No. 2426.**

United States District Court
E. D. Texas,
Tyler Division.

Jan. 6, 1958.

924

Preston A. Puckett, pro se.

Marvin R. Thomas, Jr., Asst. Atty. Gen., of Texas, for respondents.

SHEEHY, Chief Judge.

Petitioner, who is presently confined by respondents in a part of the Texas Penitentiary, located in Houston County, Texas, within this district and division, has filed herein a document he designated "Petition for Writ of Error in Judgment" seeking his release from the custody of respondents, which document has and will be treated as a Petition for Writ of Habeas Corpus. The respondents have duly answered pursuant to a show cause order previously entered. The facts as shown by Petitioner's Petition, Respondents' Original Answer and Respondents' Supplemental Answer are as hereinafter stated.

On September 29, 1950, the Grand Jury for the District Court of El Paso County, Texas, returned an indictment charging petitioner with theft of personal property of the value of more than $50, a felony in Texas.[1] In that indictment the Grand Jury further charged

1.   Art. 1421, Vernon's Penal Code of the State of Texas, Annotated.

that on September 26, 1947 petitioner was convicted in the United States District Court for the District of New Mexico for a violation of the National Motor Vehicle Theft Act, a felony less than capital, which conviction will hereinafter be referred to as the Federal conviction or Federal case, and that on July 3, 1945, petitioner was convicted in the District Court for the County of Bernalillo, State of New Mexico, of the felony of grand larceny, which last mentioned conviction will hereinafter be referred to as the New Mexico state case. The indictment further charged that the last mentioned conviction became final prior to petitioner committing the offense for which he was convicted in the Federal case, and that the judgment of conviction in the Federal case became final prior to the commission of the offense with which petitioner was charged in said indictment. Upon a trial of the case in the District Court of El Paso County, Texas, at which trial petitioner was represented by court appointed counsel, the jury found petitioner guilty of the offense of theft charged in said indictment, and further found that prior to the commission of said offense of theft petitioner had been twice legally convicted of felonies less than capital as charged in the indictment. Based on that verdict the District Court of El Paso County, Texas, gave application to the Texas Habitual Criminal Act (Art. 63, Vernon's Penal Code of the State of Texas, Annotated) and sentenced petitioner to confinement in the Texas Penitentiary for life. On January 3, 1951, judgment to that effect was entered, and it is by virtue of that judgment that petitioner is now being detained by respondents. Petitioner prosecuted no appeal from that judgment of conviction. Respondents admit that as of December 23, 1957, petitioner had a credit of eleven years, seven months and twenty-two days served in the Texas Penitentiary on the sentence

imposed in the District Court of El Paso County, Texas, as aforesaid.

Sometime prior to December 1, 1954, petitioner filed a Petition for Writ of Habeas Corpus in the Court of Criminal Appeals of the State of Texas seeking an outright discharge from the Texas Prison, or, in the alternative, an amelioration of his punishment. That petition was denied,[2] and, according to the opinion of the court, petitioner in that petition sought to have the Court of Criminal Appeals review and determine the correctness of the trial court's ruling in holding sufficient the validity of and proof touching the alleged prior convictions relied upon by the state to enhance petitioner's punishment. In denying that petition the Court of Criminal Appeals took the position that the matters raised by petitioner in that petition were matters that were properly reviewable on appeal and not in a habeas corpus proceeding. Apparently, petitioner filed a Motion for Rehearing, and in such Motion for Rehearing contended, in effect, that the life sentence was not justified because one of the prior convictions of petitioner was not available to the State for the purpose of enhancing the sentence. If the Texas Habitual Criminal Act was not applicable, the maximum sentence that could have been given petitioner for the conviction in the District Court of El Paso County, Texas, was ten years.[3] At the time the Court of Criminal Appeals was considering petitioner's said Motion for Rehearing petitioner did not have credit for as much as ten years on his sentence. The Court of Criminal Appeals denied petitioner's said Motion for Rehearing,[4] and in so doing stated [274 S.W.2d 697]:

"The decision in this case will in no way prejudice relator's right to again apply for release when he has credit for ten years on his sentence."

2. Ex parte Puckett, 161 Tex.Cr.R. 51, 274 S.W.2d 696.

3. Arts. 62 and 1421, Vernon's Penal Code of the State of Texas, Annotated.

4. Ex parte Puckett, supra.

926

Prior to January 31, 1957, and after petitioner had been credited with ten years served on the sentence he is now serving, petitioner filed another Petition for Writ of Habeas Corpus in the Court of Criminal Appeals of the State of Texas. That petition was denied by order of the Court of Criminal Appeals dated January 31, 1957. Petitioner then filed a Motion for Rehearing, which Motion for Rehearing was denied May 1, 1957. In the opinion of the Court of Criminal Appeals denying the last mentioned Motion for Rehearing the court quoted its order dated May 31, 1957, above referred to.[5] It does not appear that petitioner has made any attempt to appeal to the Supreme Court of the United States from any of the orders of the Court of Criminal Appeals of the State of Texas denying his Petitions for Writs of Habeas Corpus.

Respondents have attached to and made a part of their answer herein the information filed against petitioner in the New Mexico state court and forming the basis of his conviction in that court, above referred to, together with a certified copy of the judgment of conviction entered in the New Mexico state case. Also attached to respondents' answer and made a part thereof is a copy of the indictment in the Federal case, above referred to, together with a copy of the judgment of conviction entered in said Federal case. These documents reflect that in the New Mexico state case petitioner was charged with the offense of stealing personal property exceeding the value of $20, which offense is designated as grand larceny in the State of New Mexico and which offense occurred on April 26, 1945; that on July 3, 1945, petitioner, upon his plea of guilty, was convicted of said offense of grand larceny and was sentenced to the New Mexico state penitentiary for not less than four

nor more than six years; that the indictment forming the basis of the conviction of petitioner in the Federal case charged that on or about May 3, 1945, petitioner transported a stolen motor vehicle from El Paso, Texas, to Deming, New Mexico, knowing said motor vehicle to have been stolen in violation of the National Motor Vehicle Theft Act, then Sec. 408, Title 18 U.S.C.A.; and that on September 26, 1947, petitioner, upon his plea of guilty, was convicted of said offense charged in the last mentioned indictment and was sentenced to imprisonment for three years.

As I interpret petitioner's petition in the instant case, he asserts two grounds as the basis for the relief sought, namely: (1) that the offense forming the basis of his conviction in the Federal Court in New Mexico was committed prior to his conviction in the New Mexico state case, and (2) that his conviction in the Federal Court in New Mexico cannot be considered as a prior conviction within the meaning of the Texas Habitual Criminal Act.

The Texas Habitual Criminal Act provides, in effect, that whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary. Similar enhancement of punishment statutes have been passed by the legislatures of almost every state. There is no question as to the constitutionality of such legislation or the right of a state to enact such.[6] The Texas Court of Criminal Appeals, the Texas court of last resort in criminal cases, has interpreted the Texas statute on many occasion, and in its interpretation of such statute has recognized that since the statute is reformatory it must be strictly construed.[7] It seems to be now settled in Texas that for the stat-

5. Ex parte Puckett, Tex.Cr.App., 301 S. W.2d 649.

6. Carlesi v. People of State of New York, 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843; McDonald v. Commonwealth of Mass., 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542,

and 24 C.J.S. Criminal Law § 1959, pp. 1145, 1146.

7. Square v. State, 142 Tex.Cr.R. 493, 154 S.W.2d 852; Garcia v. State, 140 Tex. Cr.R. 340, 145 S.W.2d 180, and Childress v. State, 134 Tex.Cr.R. 504, 116 S.W. 2d 396.

ute to be applicable each succeeding offense must have been committed *after conviction* for the preceding offense.[8] It is equally well settled that a felony conviction in either a Federal court or in a court of a state, other than Texas, is not a prior conviction within the meaning of the Texas Habitual Criminal Act unless such a conviction was for a crime that is denounced by the Legislature of Texas as a felony.[9] The construction given the statute by the Texas Court of Criminal Appeals is binding on this Court in this and any similar proceeding so long as such construction does not do violence to any provision of the Federal Constitution. The constructions, just mentioned, given the statute by the Texas Court do not in anywise conflict with the Federal Constitution.

In a criminal case where the court has jurisdiction of the person and subject-matter of the offense and an excessive sentence is imposed the sentence is not void ab initio because of the excess, however, that part of the sentence that is excessive is void, and when the prisoner has served that part of the sentence that is not excessive, he is entitled to release.[10] If it should be determined that either the Federal case or the New Mexico state case was not a prior felony conviction of petitioner within the meaning of the Texas Habitual Criminal Act, the life sentence imposed on petitioner in the District Court of El Paso County, Texas, was void insofar as it exceeded ten years, the maximum sentence that could have been imposed, as hereinabove pointed out, unless both the Federal case and the New Mexico state case were prior convictions within the meaning of said Habitual Criminal Act.

It conclusively appears from the documents attached to respondents' answer, and above referred to, correctness

of which could hardly be disputed, that although petitioner was convicted in the Federal case subsequent to his conviction in the New Mexico state case, he committed the offense for which he was convicted in the Federal case prior to his conviction in the New Mexico state case. Such facts under the construction given the Texas Habitual Criminal Act by the Texas Court of Criminal Appeals rendered said Act inapplicable to petitioner at the time of petitioner's conviction in the District Court of El Paso County, Texas. The indictment forming the basis of petitioner's conviction in the District Court of El Paso County, Texas, affirmatively alleges that the offense for which petitioner was convicted in the Federal case was committed subsequent to his conviction in the New Mexico state case. It does not appear from the opinions and orders handed down by the Texas Court of Criminal Appeals in petitioner's cases before that court that that court at any time had before it the documents attached to respondents' answer which conclusively show that the offense for which petitioner was convicted in the Federal case was committed prior to petitioner's conviction in the New Mexico state case. On the contrary it appears from said opinions and orders, and particularly from the order of that court dated May 1, 1957, that that court relied on the statement in the indictment to the effect that the offense forming the basis of the Federal case conviction was committed subsequent to the New Mexico state court conviction, the jury verdict and the judgment of conviction as establishing the fact that the New Mexico state conviction was final prior to the commission of the offense which was the basis of the Federal case conviction. If said Court of Criminal Appeals did not, in fact, have before it such documents that conclusively show the contrary to be

---

8. Square v. State, supra; Mullins v. State, 140 Tex.Cr.R. 261, 144 S.W.2d 565; Gammill v. State, 135 Tex.Cr.R. 52, 117 S.W.2d 790, and Ellis v. State, 134 Tex.Cr.R. 346, 115 S.W.2d 660.

9. Clark v. State, 154 Tex.Cr.R. 581, 230 S.W.2d 234; Garcia v. State, supra, and

Arnold v. State, 127 Tex.Cr.R. 89, 74 S.W.2d 997.

10. In re Bonner, 151 U.S. 242, 258, 14 S.Ct. 323, 38 L.Ed. 149; Daugherty v. State, 146 Tex.Cr.R. 303, 174 S.W.2d 493; Ex parte Erwin, 145 Tex.Cr.R. 504, 170 S.W.2d 226, and Ex parte

true, then that court has not had a full opportunity to pass on petitioner's ground No. 1, above listed.

Petitioner's ground No. 2, above listed, presents a very interesting question in view of the construction by the Texas Court of Criminal Appeals of the Texas Habitual Criminal Act to the effect that a felony conviction in a Federal court is not a prior conviction within the meaning of such act unless such conviction was for a crime that is denounced by the Legislature of Texas as a felony. The indictment in the El Paso County, Texas, case shows on its face that the Federal case conviction was for a violation of the National Motor Vehicle Theft Act (then 18 U.S.C.A. 408, now 18 U.S.C.A. §§ 2312 and 2313). The former Sec. 408 made it unlawful to transport in interstate commerce a stolen motor vehicle knowing the same to have been stolen and to receive or conceal a motor vehicle moving as or which is a part of interstate commerce knowing the same to have been stolen. The transportation of such a motor vehicle under such circumstances is a separate offense from the receiving and concealing of such a stolen motor vehicle.[11] The indictment and judgment of conviction in the Federal case reflect that in that case petitioner was convicted only of the offense of transporting in interstate commerce a motor vehicle which he knew to have been stolen. That part of the National Motor Vehicle Theft Act, sometime referred to as the Dyer Act, which makes it unlawful to transport a stolen motor vehicle in interstate commerce does not purport to punish for theft or larceny but undertakes to punish for the transportation in interstate commerce of stolen property and the gist of the offense is the transportation in interstate commerce and not the theft of the property.[12] If the offense for which petitioner was convicted in the Federal case is not

a prior felony within the meaning of the Texas Habitual Criminal Act, the indictment upon which petitioner was convicted in the District Court of El Paso County, Texas, so shows on its face, and it would seem that the holding of the Texas Court of Criminal Appeals in Ex parte Daniels, 158 Tex.Cr.R. 2, 252 S.W.2d 586 would be applicable.

As above pointed out, it is the duty and responsibility of the Texas courts to construe and interpret the Texas Habitual Criminal Act. I have been unable to find a case in which a Texas court has passed upon the question as to whether the offense of transporting a stolen motor vehicle in interstate commerce in violation of the National Motor Vehicle Theft Act is a prior offense within the meaning of the Texas Habitual Criminal Act unless it can be said that the Texas Court of Criminal Appeals passed on that question in denying petitioner's petitions for Writs of Habeas Corpus previously filed by petitioner in that court. This, I cannot say, as a reading of the opinions and orders of that court with reference to petitioner's petitions before that court do not reflect that petitioner ever raised such a question before that court. That court should be given an opportunity to determine whether a conviction for the offense of transporting in interstate commerce a motor vehicle with knowledge that same is stolen in violation of the National Motor Vehicle Theft Act constitutes a prior offense within the meaning of the Texas Habitual Criminal Act.

Under the circumstances, as above set forth, and in light of the provisions of 28 U.S.C.A. § 2254, I think it only fair and just that the Court of Criminal Appeals of the State of Texas be given an opportunity to consider the contentions now being made by petitioner in light of the record now available to this Court and which I presume will be available

Pruitt, 139 Tex.Cr.R. 438, 141 S.W.2d 333.

11. Crawford v. United States, 6 Cir., 214 F.2d 313, and Madsen v. United States, 10 Cir., 165 F.2d 507.

12. Ackerson v. United States, 8 Cir., 185 F.2d 485.

this Court or any other Federal court attempts to make a final determination of petitioner's rights in the premises. to said Court of Criminal Appeals before

Petitioner's Petition for Writ of Habeas Corpus should be dismissed without prejudice to petitioner's right to file another Petition for Writ of Habeas Corpus in this Court asserting therein the same grounds asserted in the instant petition after he has filed another Petition for Writ of Habeas Corpus in the Court of Criminal Appeals of the State of Texas asserting therein the same grounds he is asserting in his instant petition and attaching thereto copies of the documents which were attached to respondents' answer filed herein, which documents are now available to petitioner, and said Court of Criminal Appeals has taken final action on such a petition so filed in that court by petitioner.