EX PARTE PRESTON ALVIN PUCKETT

No. 29,687. February 19, 1958.

Realtor represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an original application for habeas corpus under Art. 119 V.A.C.C.P.

Previous applications were denied in Ex Parte Puckett, 161 Texas Cr. Rep. 51, 274 S.W. 2d 696, and Ex Parte Puckett, 164 Texas Cr. Rep. 587, 301 S.W. 2d 649.

Two prior convictions were alleged for enhancement, the first in a state court in New Mexico on July 3, 1945, and the second in the Federal court.

The question of the availability of the prior conviction in the Federal court has not been previously considered except as to whether it was for an offense committed after the conviction in the New Mexico State Court had become final.

The indictment alleged that the second prior conviction was for violation of the National Motor Vehicle Theft Act.

A Federal conviction used for enhancement purposes under Article 63 P.C. must be for an offense which is denounced by the laws of Texas as a felony. See Clark v. State, 154 Texas Cr. Rep. 581, 230 S.W. 2d 234; Garcia v. State, 140 Texas Cr. Rep. 340, 145 S.W. 2d 180; Arnold v. State, 127 Texas Cr. Rep. 89, 74 S.W. 2d 997.

There is authority holding that a violation of the National Motor Vehicle Theft Act is not available to enhance the punishment under a state statute such as our Article 63, V.A.P.C. People v. Tramonti, 275 N.Y.S. 517; People v. Sassone, 12 N.Y.S. 2d 473; People ex rel v. Martin, 50 N.Y.S. 2d 388; and People v. Lohr, 82 P. 2d 615. See also Annotation 19 A.L.R. 2d at page 243.

We need not rest our decision upon these authorities alone. If one who violates the National Motor Vehicle Theft Act would, if the act had been committed in Texas, be guilty of receiving stolen property under the laws of this state also, he would not, unless the value of the automobile was $50 or more, be guilty of a felony. See Price v. State, (page 326, this volume), 308 S.W. 2d 47.

We conclude that the prior conviction in the Federal court was not available to enhance the punishment under Art. 63 P.C. and that the allegations of the indictment are insufficient to sustain a life sentence.

There is no question but that this court has the power and authority to prevent the enforcement of a judgment obtained under circumstances which constitute a denial of due process. Ex parte McCune, 156 Texas Cr. Rep. 213, 246 S.W. 2d 171.

Relator having served the maximum term for a second offense of felony theft, is entitled to his discharge from the penitentiary. Ex parte Daniels, 158 Texas Cr. Rep. 2, 252 S.W. 2d 586; Ex parte Pruitt, 139 Texas Cr. Rep. 438, 141 S.W. 2d 333.

It is so ordered.