**Ex parte George Washington HAMMONDS.**

**No. 39321.**

Court of Criminal Appeals of Texas.

Jan. 26, 1966.

Assuming that the 1945 conviction was not available to enhance the punishment in his conviction in 1958, there is no showing that relator has served the maximum term for the subsequent conviction of burglary on February 8, 1958, and, therefore, relator does not bring himself within the rule announced in Ex parte Puckett, 165 Tex.Cr. R. 605, 310 S.W.2d 117.

The writ of habeas corpus is denied.

Toby Goldsmith, Fort Worth, represented relator on the hearing in District Court.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Relator, an inmate of the Texas Department of Corrections, seeks his release by writ of habeas corpus alleging that he was not represented by counsel when he plead guilty to an indictment charging him with the commission of the offense of burglary in the District Court of Midland County on July 3, 1945, and that such conviction was improperly utilized for the purpose of enhancement under Art. 63, Vernon's Ann.P.C., in the present case by virtue of which he is now being confined.

The writ was granted by the Honorable J. E. Winters, Judge of the Criminal District Court of Tarrant County, and made returnable to this Court in accordance with Art. 119, Vernon's Ann.C.C.P.

Relator does not otherwise question the validity of his present conviction on February 8, 1958, in the District Court of Tarrant County, which was appealed to this Court and which is reported at 167 Tex.Cr. R. 228, 320 S.W.2d 7, or the other prior burglary conviction used for enhancement.