**Ex parte Frank SMITH.**

**No. 54348.**

Court of Criminal Appeals of Texas.

March 23, 1977.

Rehearing Denied April 6, 1977.

McMillan & Lewellen, Stephenville, for appellant.

Ronald D. Earle, Dist. Atty., and Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order of the 147th District Court of Travis County denying bail.

As a matter of policy we will avoid a complete discussion of the facts since the case has not been tried on the merits. See *Ex parte Sierra,* 514 S.W.2d 760 (Tex.Cr. App.1974).

Appellant was indicted on January 26, 1977. The indictment alleges appellant committed the offense of aggravated robbery and further alleges two prior felony convictions for enhancement purposes. At the hearing the prior offenses were proved. Appellant was identified as the person convicted of those offenses by comparison of fingerprints in the prison record with his fingerprints taken subsequent to his arrest for the present offense.

The offense occurred on December 3, 1976, at an auto salvage yard in Austin. Isaac Raab testified that he was robbed at gunpoint by several men wearing masks. Joseph Daniel Holt and John Calvin Bailey testified at length that appellant planned and directed the crime.

At the conclusion of the hearing bail was denied under the authority of Article I, Sec. 11–a, Vernon's Ann.Tex.Const., which provides:

"Any person accused of a felony less than capital in this State, who has been theretofore twice convicted of a felony, the second conviction being subsequent to the first, both in point of time of commission of the offense and conviction therefor may, after a hearing and upon evidence substantially showing the guilt of the accused, be denied bail pending trial, by any judge of a court of record or magistrate in this State; provided, however, that if the accused is not accorded a trial upon the accusation within sixty (60) days from the time of his incarceration upon such charge, the order denying bail shall be automatically set aside, unless a continuance is obtained upon the motion or request of the accused; provided, further, that the right of appeal to the Court of Criminal Appeals of this State is expressly accorded the accused for a review of any judgment or order made hereunder."

The first enhancement paragraph of the indictment alleges that appellant was convicted in the United States District Court for the Western District of Texas in Cause No. CR–67–28–A. The offense was aiding and abetting the transportation of a stolen motor vehicle from Texas to Nevada.[1]

Appellant was convicted of that offense on September 28, 1967. Then, as now, there was no statute in Texas specifically prohibiting the transportation in interstate commerce of stolen motor vehicles. He contends that this conviction is not the type of prior felony conviction contemplated by Article I, Section 11–a, supra, and, thus, cannot be used to deny bail.

Appellant relies on *Ex parte Puckett,* 165 Tex.Cr.R. 605, 310 S.W.2d 117 (1958). In *Puckett,* this Court recognized and applied the rule that a federal conviction used for enhancement under Article 63 of the former Penal Code must be for an offense which is denounced as a felony by the laws of this State. There, the indictment alleged a prior federal conviction for violation of the National Motor Vehicle Theft Act. The Court held that such a violation was not available for enhancement purposes under Article 63.

At that time there was no Texas statute specifically pertaining to possession of stolen motor vehicles. The Court reasoned that if the prohibited act had been committed in Texas, then Puckett would have been guilty of receiving stolen property, but he would not have been guilty of a felony unless the value of the stolen automobile was $50 or more. The National Motor Vehicle Theft Act required no showing of value. Thus, convictions under that Act were not available for felony enhancement purposes in this State.

In the instant case, however, the conduct which formed the basis for appellant's federal conviction would now constitute a felo-

ny offense under V.T.C.A., Penal Code, Section 31.07, which provides:

"(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

"(b) An offense under this section is a felony of the third degree."

■ The constitutional provision does not require that the federal offense be identical to the Texas offense. Rather, our cases have required like conduct; that is, the federal conviction must be for "an act denounced by the laws of Texas." *Ex parte Scafe,* 334 S.W.2d 170, 171 (Tex.Cr.App. 1960). See also *Ex parte Puckett,* supra.

■ In *Lopez v. State,* 171 Tex.Cr.R. 648, 352 S.W.2d 749 (1961), Lopez was charged with possession of heroin in violation of Article 725b under the former code. The State alleged three prior federal convictions for enhancement under Article 63. Two of those convictions were for unlawfully acquiring marihuana. The other was for importing a narcotic drug. Lopez was convicted and assessed an enhanced punishment of life.

His appeal was based on *Ex parte Puckett,* supra. This Court held that the federal felony convictions were properly alleged for enhancement purposes and stated that "the facts necessary to establish appellant's guilt for any of the prior convictions alleged for enhancement would have constituted proper grounds for a prosecution under Article 725b, V.A.P.C., for possession of a narcotic drug. . . ." *Lopez v. State,* supra.

*Ex parte Puckett,* supra, was decided when allegations for enhancement under Article 63, V.A.P.C., 1925, were in effect. It provided that only prior felonies classified as non-capital could be used for enhancement. The Court held in that case no value was required for a conviction of

---

1. 18 U.S.C., Sec. 2312 provides, "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

18 U.S.C., Section 2(a) provides, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

transporting a motor vehicle across state lines and therefore we had no comparable offense in Texas.

In the instant case, appellant's act of aiding and abetting in the transportation of a stolen motor vehicle from Texas to Nevada would constitute a felony offense under present Texas law. See *State v. Wait,* 9 Wash.App. 136, 509 P.2d 372, 65 A.L.R.3d 578 (1973). Nothing stated in *Ex parte Puckett,* supra, would require a contrary result since Section 31.07, supra, has no value element. The question then becomes whether appellant's prior federal conviction is available to deny bail under Article I, Section 11–a, supra, even though the offense and conviction occurred before the effective date of the new Penal Code.

In this connection, the recent decision of *Graham v. State,* 546 S.W.2d 605 (Tex.Cr. App., 1977), provides an instructive analysis. In that case Graham was convicted of obtaining a controlled substance by use of a forged prescription under Section 4.09(a)(3) of the Controlled Substances Act. His punishment was enhanced to life by two prior felonies less than capital (theft and possession of marihuana).

He contended on appeal that the prior convictions could not be used for enhancement because they could not have been used for enhancement under the "old Narcotic Drug Act." This Court rejected that contention and held such usage did not constitute an ex post facto application of the law. The Court quoted from *Shaw v. State,* 529 S.W.2d 75 (Tex.Cr.App.1975) and *Vasquez v. State,* 477 S.W.2d 629, Tex.Cr.App., as follows:

> "The reason that a conviction which occurred before the statute was enacted may be used for enhancement is that the statute providing for a greater penalty upon a subsequent conviction does not seek to punish the offender for the original criminal act a second time, but rather, 'The repetition of criminal conduct aggravates . . . guilt and justifies heavier penalties . . .' *Graham v. West Virginia,* 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912)."

Likewise, permitting the prior federal felony conviction in the instant case to be used for denial of bail under Article I, Section 11–a, supra, does not again punish appellant for the original violation of 18 U.S.C., Sections 2(a), 2312. Rather, the repetition of criminal activity aggravates the showing of guilt of the primary offense at the bail hearing and justifies denial of bail. Such a result comports with the express provisions of Section 11–a.

*Graham v. State,* supra, teaches that when the availability of a prior conviction to enhance punishment or deny bail is in question, the proper focus is the status of such conviction at the time of the primary offense. That Section 31.07, supra, was not in effect at the time of the prior conviction is of no consequence. Therefore, we hold that appellant's federal conviction is the type of felony conviction contemplated by Article I, Section 11–a, supra, and was properly used to deny bail under that provision.

Appellant next argues that the federal conviction cannot be used pursuant to the constitutional provision in any event since the offense was not a felony in Texas at the time the amendment was adopted (1956). This argument is without merit. See *State v. Brinkley,* 354 Mo. 337, 189 S.W.2d 314, 334 (1945).

All constitutional provisions have prospective application; all are subject to reinterpretation. Moreover, neither the substantive nor the procedural criminal law of this State is forever frozen when such a provision is adopted. See and cf. *Ex parte Contella,* 485 S.W.2d 910 (Tex.Cr.App.1972). If appellant's reasoning were accepted, then no felony offense in the new Penal Code could be used to deny bail under Article I, Section 11–a, supra, unless it was also a felony under the former code.

Next, appellant contends the trial court had no authority to deny bail because the evidence did not substantially show his guilt. Without elaborating further on the facts, we have fully reviewed the record and determined that it reveals a substantial

likelihood of his guilt. Cf. *Ex parte Colbert,* 452 S.W.2d 454 (Tex.Cr.App.1970). Ground of error number two is overruled.

Appellant urges that the trial court abused its discretion in denying bail because there was testimony at the hearing that setting bail would assure his presence at trial.

In *Ex parte Miles,* 474 S.W.2d 224 (Tex. Cr.App.1971), this Court held that denial of bail to persons who have two prior felony convictions less than capital under Article I, Section 11–a, supra, is reasonable and does not violate constitutional rights of a class. Under V.T.C.A., Penal Code Section 12.42, the punishment is life upon conviction and a finding of two prior felony convictions. In the case at bar, there was a substantial showing of appellant's guilt at the hearing. In view of these circumstances no abuse of discretion is shown in denying bail. Ground of error number three is overruled.

The second enhancement paragraph of the indictment alleges that appellant was convicted in Cause No. 3158 in the 82nd District Court of Falls County in 1952 of accomplice to robbery with firearms. Appellant contends his subsequent pardon of the offense precludes the use of this conviction to deny bail.

It was held in *Jones v. State,* 141 Tex. Cr.R. 70, 147 S.W.2d 508 (1941), and *Logan v. State,* 448 S.W.2d 462 (Tex.Cr.App.1970), that a pardon for any reason other than subsequent proof of innocence does not obliterate the defendant's conviction. Rather, it merely serves to restore his civil rights. See also *Gurleski v. United States,* 405 F.2d 253 (5th Cir. 1968). Thus, the conviction in Falls County is available to deny bail under the constitutional provision. Ground of error number four is overruled.

In his last five grounds of error, appellant complains of matters relating to a prior conviction in McLennan County. The indictment does not allege this conviction nor does the State rely on it to deny bail or enhance punishment. The grounds of error are overruled.

For the reasons stated, the decision of the trial court is affirmed and the relief sought is denied.