**Donald MONTGOMERY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57246.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

James A. Burroughs, Austin, for appellant.

Ronald D. Earle, Dist. Atty., and Charles E. Hardy, Asst. Dist. Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury of aggravated assault. He elected to have the court assess his punishment. The court found the paragraphs in the indictment charging appellant with having been previously convicted of two felony offenses to be true and, in accordance with V.T.C.A, Penal Code,. § 12.42(d),[1] assessed punishment at life.

We shall first consider appellant's contention that the court erred in imposing a life sentence because the federal offense alleged in the second count of the indictment is insufficient to sustain an enhanced mandatory sentence under Texas law. The federal conviction alleged in the enhancement portion of the indictment was for making a false and fictitious written statement to a licensed dealer in firearms, in connection with the acquisition of a firearm.[2]

It has long been the rule that a prior federal conviction used for enhancement of punishment, although clearly a felony under federal law, must also be an offense which is denounced by the laws of Texas as a felony. *Ex parte Smith,* 548 S.W.2d 410 (Tex.Cr.App.1977); *Ex parte Scafe,* 334 S.W.2d 170 (Tex.Cr.App.1960); *Ex parte Puckett,* 165 Tex.Cr.R. 605, 310 S.W.2d 117 (1958); *Clark v. State,* 154 Tex. Cr.R. 581, 230 S.W.2d 234 (1950). Therefore, we must look to the conduct which formed the basis of appellant's federal conviction to see if like conduct would constitute a felony offense denounced by the laws of Texas.

The State concedes that there is no specific offense set out in the firearms portion of the Texas Penal Code to prohibit such conduct, but argues that a prosecution for such conduct could be had under V.T.C.A., Penal Code, § 37.10, Tampering with Governmental Record, which provides, inter alia, that a person commits an offense if he "knowingly makes a false entry in . . a governmental record." The State contends that licensed firearms dealers are required by federal law to keep records of all sales of firearms and that therefore if appellant made a false statement on the required record of the firearms dealer in an attempt to defraud the dealer into selling him a firearm under the false statement, then he would be guilty of a violation of § 37.10, supra.

However, that argument breaks down if taken to its logical conclusion. A "governmental record" is defined in § 37.01, supra, as "anything required by law to be kept by others for information of government."

1. V.T.C.A., Penal Code, § 12.42(d), provides:
   "If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

2. A violation of 18 U.S.C. 922(a)(6).

The definition of "government," as set forth in V.T.C.A., Penal Code, § 1.07(a)(15), does not include the federal government, but only the state, counties, municipalities, or political subdivisions of the state.

It is thus apparent that appellant could not have been successfully prosecuted in the courts of this state under § 37.10, supra, for making a false entry in a federal governmental record required to be kept by federal law.

We find that appellant's conduct in making a false and fictitious statement to a licensed firearms dealer is not denounced by the laws of this state as a felony and that therefore the prior federal conviction was erroneously used by the court to enhance appellant's punishment.

The other points raised in the brief by appellant's appellate counsel and appellant's pro se brief have been carefully considered and we find them to be without merit.

Appellant, with the consent of the State and the approval of the court, elected to have the court assess his punishment. The cause is therefore remanded for assessment of punishment by the court in accordance with the provisions of V.T.C.A., Penal Code, § 12.42(a).