**Ex parte Lynn Dale BLUME.**

**No. 65266.**

Court of Criminal Appeals of Texas, En Banc.

July 1, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

**W. C. DAVIS, Judge.**

This is an application for post-conviction writ of habeas corpus pursuant to Article 11.07, Vernon's Ann.C.C.P. Petitioner was convicted on August 18, 1978 of felony possession of marihuana and his punishment enhanced[1] from a third-degree felony to a second-degree felony by the use of a prior felony conviction in Federal Court. On October 8, 1980, this Court remanded petitioner's application back to the trial court for findings of fact as to whether the federal conviction was indeed used for enhancement. 607 S.W.2d 924 (Tex.Cr.App.). Within this factual determination, which is now before us, the trial court finds that petitioner's conviction "was enhanced by the Applicant's plea of true to a prior felony conviction in Federal Court." The trial court further found "from an examination of the record and from admissions by the State, that the enhancing felony conviction was for an offense not made a felony under Texas law, and that the punishment should be set aside."

This Court is not bound by the findings, conclusions, or recommendations of the trial court in reaching decisions on post-conviction application for writ of habeas corpus relief. *Ex parte Ramirez*, 577 S.W.2d 261 (Tex.Cr.App.1979).

The sole question presented is whether under the new Penal Code[2] a federal conviction for an offense which does not constitute a felony under the Texas Penal Code can be used to enhance punishment under V.T.C.A., Penal Code, Sec. 12.-42. We hold that it can.

Under the old Penal Code,[3] the enhancement articles provided as follows:

"Article 62. Subsequent conviction for felony. If it be shown on the trial of *a felony* less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases.[4]

Article 63. Third conviction for felony. Whoever shall have been three times convicted of *a felony* less than capital shall on such third conviction be imprisoned for life in the penitentiary."

While these statutes speak of "a felony", it was Article 47, Vernon's Ann.P.C. which defined "felony".[5] Under Article 47, supra, before conduct could be a felony or misde-

---

1. V.T.C.A. Penal Code, Sec. 12.42(a).

2. V.T.C.A., Penal Code, Acts 1973, 63rd Legislature, Chap. 399, effective January 1, 1974, as amended by Acts 1973, 63rd Legislature, Chap. 426, effective January 1, 1974.

3. Vernon's Ann.P.C., Acts 39th Legislature, 1925.

4. All emphasis added by writer of this opinion unless otherwise indicated.

5. Article 47, supra, provided:

"An offense is an act or omission forbidden by positive law, and to which is annexed, on conviction, any punishment prescribed in this Code. An offense which may—not must—be punishable by death or by confinement in the penitentiary is a felony; every other offense is a misdemeanor. Felonies are either capital or not capital. An offense for which the highest penalty is death is a capital felony. Offenses are divided into felonies and misdemeanors."

meanor it had to constitute an "offense", and an offense was defined as something "forbidden by positive law, and to which is annexed, on conviction, *any punishment prescribed in this code*".

The first case construing Article 63, supra, was *Arnold v. State*, 127 Tex.Cr.R. 89, 74 S.W.2d 997 (1934) (opinion on rehearing), wherein the defendant contended that the statute was not applicable because one of his prior convictions was had in Federal Court. This Court stated:

"The exact point that appellant stresses, namely, that the conviction in the federal court cannot be used to enhance the penalty against him, as above stated, has not been passed on so far as the members of this court are aware. Considered in the light of the precedents, however, upon the general subject of the trial of habitual criminals, no sound reason is perceived for setting aside the present judgment. As stated above, *one of the prior convictions against the accused was in the United States court. It was in the state of Texas, however, and was for an offense denounced by the statutes of the state.*"

Next, in *Garcia v. State*, 140 Tex.Cr.R. 340, 145 S.W.2d 180 (1940), the defendant was convicted for assault with intent to murder. Punishment, enhanced by use of several felony convictions in both federal and courts of foreign states, was assessed at life imprisonment pursuant to Article 63, supra. Initially, the Court rejected the appellant's contention that felony convictions in federal courts will not support the imposition of a life sentence. The Court posited:

"The only question which we consider to be open for interpretation by this Court is whether or not the prior convictions must be for offenses *which are denounced by the law of Texas as felonies.*"

The Court looked for an answer in the legislative history of the enhancement provisions, but found none. The Court then turned for guidance to the language in *Arnold v. State*, quoted above, and concluded that convictions for felonies in federal courts and courts of other states would not support the enhanced penalty in Texas un-

less they were for crimes denounced by the Legislature of Texas as felonies. See also *Ex Parte Puckett*, 165 Tex.Cr.R. 605, 310 S.W.2d 117 (1958) and *Clark v. State*, 154 Tex.Cr.R. 581, 230 S.W.2d 234 (1950).

As noted in *Garcia v. State*, supra, this Court was without statutory guidance to classify convictions for enhancement purposes: hence, the rationale set forth in *Arnold v. State*, supra, became the rule. Such was the state of the law in Texas for forty years; however, with the enactment of the new Penal Code, the Legislature made significant changes in wording of the enhancement statutes.

V.T.C.A. Penal Code, Sec. 12.42 now provides as follows:

"(a) If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of *any* felony, on conviction he shall be punished for a second-degree felony.

(b) If it be shown on the trial of a second-degree felony that the defendant has been once before convicted of *any* felony, on conviction he shall be punished for a first-degree felony.

(c) If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of *any* felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years.

(d) If it be shown on the trial of any felony offense that the defendant has previously been convicted of *two felony offenses*, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

Under the new code, V.T.C.A. Penal Code, Sec. 1.07(a)(14), "felony" is defined as follows:

" 'Felony' means an offense so designated *by law* or punishable by death or confinement in *a penitentiary*."

Under V.T.C.A. Penal Code, Sec. 1.07(a)(20), " *'Law'* means the constitution or a *statute* of this State or *of the United States* . . ."

Most importantly, however, the Legislature enacted a statute to deal specifically with the classification for enhancement purposes of convictions obtained outside the Penal Code. Section 12.41 states, in part:

"For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:

(1) 'felony of the third degree' if confinement in *a penitentiary* is affixed to the offense as a possible punishment, . . ."

Contrasting the old code with the provisions of the new code, there can be no doubt that the Legislature intended to make convictions for felonies in federal courts as well as courts of other states available for enhancement purposes.

However, in *Montgomery v. State*, 571 S.W.2d 18 (Tex.Cr.App.1978), decided since the effective date of the new Penal Code, a panel of this Court followed the rule announced under the old code; i. e., a felony under Federal law must be an offense which is denounced as a felony under Texas law. *Smith v. State*, 548 S.W.2d 410 (Tex. Cr.App.1977), also decided since the new Penal Code, and cited in *Montgomery*, involved the use of a prior federal conviction to deny bail under Art. I, Sec. 11–a of the Texas Constitution. The Court applied the old rule but found that the federal offense was also denounced by Texas law. Both *Montgomery* and *Smith* relied on former Penal Code cases for their authority, and in both cases this Court neglected to consider the effect of the new Penal Code. Insofar as *Montgomery* and *Smith* turn on the application of this rule, they are overruled.

Turning back to petitioner's application, we conclude that the federal conviction was available for enhancement, pursuant to Sec. 12.42, V.T.C.A. Penal Code. Petitioner was convicted of receiving and concealing a stolen motor vehicle, an offense proscribed in 18 U.S.C. § 2313, which provides:

"Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned for not more than five years, or both."

Title 18, U.S.C. § 4083, provides in part:

"Persons convicted of offenses against the United States or by courts-martial punishable by imprisonment for more than one year may be confined in any United States penitentiary."

Thus, the federal offense for which petitioner was convicted carried confinement in the penitentiary as a possible punishment. See Sec. 12.41(1), supra.

The petitioner also contends that he was denied the effective assistance of counsel in that no pre-trial investigation was conducted by his defense attorney. There is nothing in the record which would support this assertion. The burden of proof of the allegations which entitle the prisoner to relief is upon the petitioner. *Ex Parte Alexander*, 598 S.W.2d 308 (Tex.Cr.App.1980). We conclude that the petitioner has not sustained his burden of proof.

The relief requested is denied.

It is so ordered.

ROBERTS, J., not participating.

CLINTON, Judge, concurring.

Were we empowered and authorized in the first instance to determine and weigh considerations of public policy and then to make the consequential decision with respect to punishment for repeat and habitual felony offenders, I might urge the Court to adhere to rationale that established the rule merely followed in *Montgomery v. State*,

571 S.W.2d 18 (Tex.Cr.App.1978). Indeed, one might reasonably conclude that the public policy of the State of Texas presently rejects the notion underlying the federal offense sought to be used to enhance punishment in *Montgomery v. State*, supra—a mild form of firearm control—and insists that no penalty attach to any kind of regulatory scheme pertaining to simple acquisition of a firearm. Similar tensions between federal and state interests may well be perceived in other situations, but I need not engage in that academic exercise to make the point.

Provisions of V.T.C.A. Penal Code, Title 3, Subchapter D, §§ 12.41, 12.42 and 12.43, are creations of the Legislative Department in which the people have vested their lawmaking power, Article III, § 1, Constitution of the State of Texas, and the Judicial Department has not yet been constitutionally permitted to exercise "any power properly attached" to either the Legislative or Executive Departments, see Article II, § 1, *id.* Any further discourse on that proposition is superfluous.

By its cited enactments, supra, the Legislature, presumably upon due deliberation, has consciously removed the judicial gloss previously applied to antecedent provisions of the former penal codes, observations of which are accurately described in the opinion for the Court. Thus, though through application of the classification of offenses outside the penal code, § 12.41, supra, the public policy of the State of Texas may be so egregiously offended that constitutional protections are implicated, the case at bar does not present such an instance.[1]

1. To conjure up an extreme example, suppose a citizen of this State has a prior criminal record of conviction for conducting a bingo game on behalf of a veterans organization in a sister state which has clearly denounced and classified that offense as a felony within the meaning of § 12.41, supra, and related definitions. Yet, in the late November 1980 election the people of this State plainly approved of empowering the Legislature to "authorize and regulate" just such bingo games, thereby endorsing the very conduct denounced and penalized by the sister state. Certainly, if the issue were properly

With these observations I join the opinion for the Court.

ONION, P. J., joins.

TEAGUE, Judge, dissenting.

Since May 30, 1934, when this Court decided *Arnold v. State*, 127 Tex.Cr.R. 89, 74 S.W.2d 997 (1934), the law in this State has been that a felony conviction from a foreign or Federal jurisdiction may not be used for enhancement of punishment purposes unless it was predicated upon an offense which was also denounced by the laws of Texas. See *Montgomery v. State*, 571 S.W.2d 18, 19 (1978). Today, the majority changes the law and buries *Montgomery*, without full colors, and sub silentio overrules *Arnold*, supra, and *Garcia v. State*, 140 Tex.Cr.R. 340, 145 S.W.2d 180, 182 (1940).[1] To this change in the law I respectfully dissent.

There are many reasons why such change in the law is unwarranted. Upon close analysis, the majority's attempts to justify its holding is lacking both logic and skill in statutory construction.

First and foremost is the very simple fact that it is presumed that the Legislature, when it meets to consider enacting new laws or repealing old laws, is aware of this Court's decisions. See *State v. Anderson*, 119 Tex. 110, 26 S.W.2d 174 (1930).

*Montgomery*, supra, was decided on September 20, 1978. On June 1, 1981, almost three years later, the Legislature of this State completed its 67th session. Interestingly, though the Legislature was presumably aware of *Montgomery* and *Mulchahey*, not one single bill to substantively overrule *Montgomery* or *Mulchahey* was proposed by

raised and presented, this Court would be impelled to examine the situation in light of conflicting public policies, and, in my judgment, should do so. But not today.

1. As the majority does not see fit to discuss this Court's recent unanimous opinion of *Ex parte Mulchahey* (No. 67,278, 4/1/81, State's motion for leave to file motion for rehearing unanimously denied 4/29/81), it, too, has been sub silentio overruled. Chronologically, however, it has got to be one of the shortest-lived unanimous decisions ever handed down by this Court.

a member of the 67th Legislature.[2] Compare, this Court's decision of *Carvajal v. State*, 529 S.W.2d 517 (1975), with the enactment of V.T.C.A. Penal Code, Sec. 12.46, which effectively overruled *Carvajal*.

Second is the statute itself. V.T.C.A. Penal Code, Sec. 12.42(d), the present "habitual criminal statute," is substantially a recodification of former Penal Code Art. 63. In drafting the remainder of Sec. 12.42 it was necessary to eliminate the former qualification "of the same offense, or one of the same nature," because of the new categorization of felonies, see Sec. 12.04. This, however, does not evidence any intent to change the former law as established in *Garcia*, supra.

Third, I do not believe the majority grasps the import of its holding and the reason for the rule which the Supreme Court of Wisconsin stated in *Kirschner v. State*, 9 Wis. 140 (1859), which was adopted by this Court in *Garcia*: "Inasmuch as each state has a criminal code peculiar to itself, so that what may be regarded as an infamous crime in one state may not be in another . . . ." *Garcia*, supra, 145 S.W.2d at 181.

Fourth, enhancement or recidivist statutes are to be strictly construed. "It has often been commented that such a statute is a harsh one and it is generally conceded that harsh statutes must be strictly construed." *Id.* Changing the law by an inferential interpretation of the statutes, where the Legislature has refrained from specifically so amending a long-established rule is improper, yet the majority proposes to do just that by its opinion here. Cf. V.T.C.A. Penal Code, Sec. 1.05(a).

The majority, by implication, attempts to say that the Legislature finally heard what two distinguished former members of this Court said in *Arnold* and *Garcia*, supra. Judge Beauchamp, in *Garcia*, said: "While he [Judge Morrow in *Arnold*] did not lay down a rule, he did give a strong intimation, sufficient to call the attention of the

Legislature to the view which this Court would take [in the future]. In these three regular sessions the Legislature has not acted, and we can only construe their failure to act as an endorsement of the construction of our statute which these cases give to it." *Id.* at 182.

But what did Judge Beauchamp also say? He sent a message to the Legislature by *Garcia* that if it desired to change the law to encompass *any* felony conviction, all that was needed was to add the words or phrases "in this or in any other state, or in any federal court" to the enhancement statutes. *Garcia* was decided on November 27, 1940, almost 41 years ago. Legislatures have come and gone, most recently as of June 1, 1981, but to this day that august body of government has not seen fit to change the substance of our recidivist-enhancement statutes. In fact, since 1857, the Legislature has enacted recidivist-enhancement statutes that have not varied in substance from the original statutes, except for the classification change noted below. Otherwise, there is no difference in the substance of Sec. 12.42 and its predecessors. But, the majority, *ipso facto*, and in very tenuous fashion, says there is a substantial difference in the statutes, but does not inform us how the "guts" of Sec. 12.42 varies from its predecessors. The majority today, I submit, acts *ipse dixit*; rather than merely *ipso facto*.

Although recognizing the nuances of particular recidivist-enhancement statutes, and also recognizing that many states have since followed Judge Beauchamp's recommendation, see *supra*, nevertheless, my research reveals that states that have recidivist-enhancement statutes similar to ours have construed those statutes to prohibit the use of an out-of-state felony conviction unless it is also denounced by the laws of their own state. See the numerous annotations found in *American Law Reports*.

The long arm of the majority reaches out into the present Penal Code and grabs hold

2. It is significant to note, however, that *Mulchahey* was decided while the 67th Legislature *was* in session.

of the definitions of "felony" and "law" and, with what appears to be almost a feeling of euphoria, cites us to Sec. 12.41 to sustain its position. This is understandable considering the result it reaches. However, what the majority overlooks in its "quick reach" is the very simple fact that Art. 47 of the former Penal Code defined "felony" in substantially the same way as it is now defined—an offense which has a possible punishment of confinement in a penitentiary. Although the majority, in setting out Art. 47, emphasizes "any punishment prescribed in this code," it fails to explain how this distinguishes Art. 47 from Sec. 12.41. The words have changed, but the substance remains the same.

A reading of Sec. 12.41 will reflect that it does not apply per se to our recidivist-enhancement statutes, which are provided in Sec. 12.42, but pertains to how a non-penal code offense will be classified, i. e., classification being dependent upon punishment—penitentiary, jail, or fine. See, e. g., *Platter v. State*, 600 S.W.2d 803, 804 (1980). As Judge Clinton said in *Betancourt v. State*, 590 S.W.2d 487, 489 (1979), "standing alone Sec. 12.41 is only definitional, without any operative effect unless coupled with some subsection of Sec. 12.42 for penalty purposes." Nowhere does Sec. 12.41 set out an intent to deviate from the long-standing rule of *Garcia*, supra. Contrary to the majority's assertion that "there can be no doubt that the legislature intended to make convictions for felonies in federal courts as well as courts of other states available for enhancement purposes," the adoption of [the] new penal code in 1973 did not evidence any intent on the part of the Legislature that a different interpretation should thereafter govern. See *Carvajal v. State*, supra, and the Practice Commentary to Sec. 12.42(d), supra. The Legislature's most recent omission to indicate a change is of major significance because we are here addressing a matter of statutory construction, not of judicially created rules of decision, as in evidentiary matters. *Shivers v. State*, 574 S.W.2d 147 (1978).

It is evident from the above observations and this Court's past interpretations of our recidivist-enhancement statutes that Texas places a two-prong requirement on the use of a federal or foreign state conviction for enhancement of punishment:

(1) The offense must be classified, see Sec. 12.41, *supra*, as a felony *and*

(2) The substance of the offense, see *Montgomery* and *Mulchahey*, supra, must be denounced by the laws of Texas.

The above interpretation demonstrates that the *Montgomery-Mulchahey* decisions and Sec. 12.41 are not mutually exclusive, but are compatible with one another and are to be applied concertedly in determining whether a federal or foreign state conviction may be used for enhancement of punishment purposes.

I understand the rule of stare decisis to be one of establishing precedent and authority. The doctrine of stare decisis, simply put, is that when this Court has once established a principle of law, it will adhere to that principle and apply it to all future cases. The doctrine is a salutary one, and should not ordinarily be departed from when addressing a decision or principle of law of long standing. See also *Black's Law Dictionary*, page 126 (5th Ed. 1979).

Without any basis in fact for doing so, I believe that a majority of this Court is departing from the doctrine of stare decisis in holding in this cause that any federal or foreign state felony conviction may now be used for enhancement of punishment purposes pursuant to Sec. 12.42.

For the above and foregoing reasons, I respectfully dissent to the decision of the majority in misconstruing our recidivist-enhancement statutes.