IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-77,017-01






EX PARTE DANIEL LEE CAMERON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. F-2009-0748-C

IN THE 211TH JUDICIAL DISTRICT COURT

FROM DENTON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation, enhanced by two previous offenses, and was sentenced to twenty-five years'
imprisonment. 

 Applicant alleges that because one of the prior offenses used to enhance this sentence, a
Tennessee burglary conviction, would have been a state jail offense had it been committed in Texas,
it was not properly available to enhance this felony offense to the habitual range of punishment. The
State and the trial court agreed and recommended that relief be granted. We disagree and will deny
relief.

 Applicant was previously convicted of burglary of a building in Tennessee, which would
have been a class E or class D felony in that state, depending on the facts of the case. A class E
felony is punishable by not less than one year, nor more than six years in prison, and a class D felony
is punishable by not less than two years, nor more than twelve years in prison. Tenn. Code Ann.
§40-35-111 (2011). 

 For the purposes of enhancement, any conviction not obtained from a prosecution under the
Texas Penal Code shall be classified as a third degree felony if imprisonment to a penitentiary is
affixed to the offense as a possible punishment. Tex. Penal Code §12.41. Applicant's prior
Tennessee offense has penitentiary time as a possible punishment, regardless of whether it was a
class E or D felony. Therefore, under the laws of Texas, it can be used for the enhancement of a
felony offense as if it were a third degree felony regardless of what classification the crime would
have been had it been committed in Texas. Ex parte Blume, 618 S.W.2d 373, 374 (Tex. Crim. App.
1981). Relief is denied.


Filed: March 21, 2012

Do not publish