Archie W. **WILLEFORD,**
Petitioner-Appellant,

v.

W. J. **ESTELLE, Jr., Director, Texas Dept. of Corrections,**
Respondent-Appellee.

No. 81–2035
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 29, 1981.

Archie W. Willeford, pro se.

Mark White, Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

TATE, Circuit Judge:

On remand from the Supreme Court of the United States, we reconsider our recent denial of this petitioner's application for a certificate of probable cause and for leave to appeal in forma pauperis from the third denial of his petition for federal habeas corpus relief. As directed by the order of remand, 447 U.S. 931, 100 S.Ct. 3032, 65 L.Ed.2d 1126 (1980), we reconsider our original denial in light of the recent Supreme Court decision in *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980).

In response to the remand, the Attorney General of Texas has filed a brief acknowledging that, under this recent *Hicks* decision, the defendant is entitled to relief, in

that he was denied the exercise of discretion by the sentencing authority of the trial judge. As the brief states:

In *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227 [65 L.Ed.2d 175] (1980), the Supreme Court of the United States held that it violates due process of law for a convicted state prisoner to be sentenced under a mandatory punishment statute where, under state law, he is entitled to the benefit of a discretionary state sentencing statute. Under state law, as held by the Texas Court of Criminal Appeals, Willeford should have been entitled to an exercise of discretion by the trial judge. He should have been sentenced to life *or* any term of years not less than ten that the judge felt appropriate. Instead, the trial judge erroneously believed that he was bound to impose a sentence of life imprisonment. The reformatory actions of the Texas Court of Criminal Appeals on direct appeal did nothing to cure the defect. Accordingly, Willeford's life sentence is illegal.

.     .     .     .     .

[I]n the instant case Willeford was denied the exercise of discretion in sentencing by his punishing authority, the trial judge. The trial judge should have considered all the facts of Willeford's case that are normally involved in deciding upon the proper punishment in a criminal case, including Willeford's prior criminal record, his social history, any prognosis for rehabilitation, and such factors. Instead, the trial judge erroneously believed that he was compelled under a statute that was in fact inapplicable, to impose a *mandatory* sentence of life imprisonment. This was the constitutional defect at his trial, as seems apparent from examination of *Hicks v. Oklahoma.*

The proper scope of relief seems equally clear. No defect whatsoever appears in the underlying conviction. Only the sentence is affected. Because Willeford was sentenced by the court, not a jury, no impediment exists in state law to resentencing him in the same court. It is that relief to which he is entitled.

*Conclusion*

We therefore conclude that, in the light of the principles enunciated in *Hicks v. Oklahoma,* subsequent to the dismissal below, the district court was in error in dismissing this application for post-conviction relief, although successive, *see Sanders v. United States,* 375 U.S. 1, 15–17, 83 S.Ct. 1068, 1077–78, 10 L.Ed.2d 148 (1963). Accordingly, the order of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

VACATED AND REMANDED.