Henry Grady **COLEMAN,**
Petitioner-Appellant,

v.

W. J. **ESTELLE, Jr., Director, Texas Department of Corrections,**
Respondent-Appellee.

No. 82–1112
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1982.

Opinion on Denial of Rehearing
Jan. 14, 1983.

Henry Grady Coleman, pro se.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of habeas corpus. Because of this court's decision in *Willeford v. Estelle,* 637 F.2d 271 (5th Cir. 1981), we must reluctantly remand to the district court to grant the writ conditioned upon resentencing of petitioner by the state court.

THE FACTS

Petitioner Coleman was tried and convicted for selling heroin under Tex.Penal Code Ann. art. 725b § 23 (repealed 1973) [hereinafter T.P.C.A.]. This section imposed an indeterminate sentence of five years to life. The indictment against Coleman contained two enhancing counts, under T.P.C.A. art. 63 [now T.P.C.A. § 12.42 (Ver-

non 1974)]. The jury rendered a verdict for the state on the T.P.C.A. art. 725b § 23 count, but returned no verdict on the enhancement counts, and was discharged prior to sentencing. The trial judge sentenced Coleman to "life" with no explanation for the sentence. The Court of Criminal Appeals, affirming petitioner's conviction, stated

> We note that although appellant was indicted under Article 63, V.A.P.C., the judgment herein reflects that punishment was assessed at life without a finding as to the two prior felony convictions. Therefore, the sentence is reformed to read that the appellant is sentenced to confinement in the Department of Corrections for a term of not less than five years nor more than life.

*Coleman v. State,* 481 S.W.2d 872, 875 (Tex. Cr.App.1972).

THE LAW

In *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), the accused was mandatorily sentenced under an unconstitutional habitual offender statute. The Oklahoma Court of Criminal Appeals concluded that the accused was not prejudiced by this denial of discretionary sentencing since the sentence imposed was within the range of punishment that otherwise could have been imposed. The Supreme Court reversed, holding that the denial of discretionary jury sentencing violated due process. *Id.*

In *Willeford,* this court applied *Hicks* to sentencing by the trial court. The Texas Court of Criminal Appeals, in Willeford's direct appeal had stated

> It is noted that the sentence reads that the punishment is for life. Article 725b, V.A.P.C., provides that upon a second or subsequent conviction one is punishable by imprisonment "[f]or not less than 10 years nor more than life." This specific provision of Article 725b, *supra,* controls and the provisions of Article 63, V.A.P.C., our habitual criminal statute, are not applicable. *Granado v. State,* [168 Tex.Cr. App. 525] 329 S.W.2d 864. The sentence is reformed to read "for not less than ten years nor more than life."

*Willeford v. State,* 454 S.W.2d 745, 747 (Tex.Cr.App.1970). This court, citing *Hicks,* held that Willeford was denied discretionary sentencing and remanded to the trial judge for resentencing. 637 F.2d at 272.

The state, despite the similarities between *Willeford* and this case, contends

that *Willeford* does not control here. The state argues that petitioner was not sentenced under the mandatory habitual offenders statute, but was merely given the maximum penalty under T.P.C.A. art. 725b § 23. The district court below agreed, accepting the magistrate's statement that the language in the sentence, "sale of a narcotic drug, to wit: heroin," instead of "sale of a narcotic drug, to wit: heroin, enhanced by two prior felony convictions," indicated that petitioner was only convicted on the possession charge.

We find two problems with this argument. First, the clear language of the opinion of the court of criminal appeals indicates that the sentence was imposed under former T.P.C.A. art. 63. Absent clearer indications in the trial court's sentence, due deference should be given the court of criminal appeals' construction. A second reason why we find the state's argument unpersuasive is Tex.Code Crim.Pro. Ann. art. 42.09(1) (Vernon repealed 1981). This section states

> If the verdict fixes punishment ... for more than the minimum term, the judge in passing sentence *shall* pronounce an indeterminate sentence ....

This section applies even if the "verdict" is rendered by the trial judge. *Ex parte Traxler,* 147 Tex.Cr.R. 661, 184 S.W.2d 286 (1944). Thus if the trial court was sentencing petitioner Coleman under Tex.Penal Code Ann. art. 725b § 23, such sentence was erroneous. We decline to accept the conclusion that the trial court simply forgot about the indeterminate sentence statute, particularly since the trial court had to alter the form provided in order not to render an indeterminate sentence. We think the more reasonable inference is that the trial court sentenced petitioner under the mandatory provisions of T.P.C.A. art. 63. We therefore hold that this case is indistinguishable from *Willeford.* The judgment of the district court is reversed. The case is remanded.

REVERSED and REMANDED.

ON PETITION FOR REHEARING

PER CURIAM:

■ The state insists that the trial judge exercised his discretion and sentenced petitioner under T.P.C.A. art. 725b § 23, and a certificate to that effect by the trial judge is attached to the state's petition for rehearing. The time to have made that showing was in the habeas corpus proceeding before the district court. Furthermore, we think it less onerous on the state to allow resentencing than to require an evidentiary hearing in the federal court. *See Hickerson v. Maggio,* 691 F.2d 792 [1982].