William David BROWNE,
Plaintiff-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas Dept. of Corrections,
Defendant-Appellee.

No. 82–2355.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1983.

Modified on Grant of Rehearing Jan. 3, 1984.
See 721 F.2d 1037.

Bertrand C. Moser, Houston, Tex., for plaintiff-appellant.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before CLARK, Chief Judge, GOLDBERG and POLITZ, Circuit Judges.

PER CURIAM:

William Browne was convicted in state court for possession of a dangerous drug. His sentence was enhanced by two prior felony convictions; one for violating 26 U.S.C. § 4704, and one for burglary with intent to commit theft. Pursuant to Article 63, Vernon's Ann.P.C. (repealed), the court sentenced Browne to a mandatory life imprisonment term. After exhausting his state court remedies, Browne sought federal habeas corpus relief. A United States Magistrate entered findings of fact and conclusions of law recommending that relief be denied. The magistrate's findings and conclusions were adopted for the most part by the district court. Browne appeals. He contends that he was denied due process because he was improperly sentenced under Article 63 of the Texas Penal Code, which provided:

> Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary.

Finding Browne's argument to be meritorious, we reverse with instructions.

Habeas corpus relief is only available to remedy deprivations of federal constitutional rights. It is therefore necessary to determine as an initial matter whether Browne's allegations amount to a claim that his federal constitutional rights were violated.

In *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), the defendant was entitled under state law to have his punishment fixed at any number of years not less than ten. Instead, he was erroneously given a mandatory forty-year sentence. The Supreme Court reversed. It held that the defendant's loss of his right to discretionary sentencing invoked the protections of the Constitution. *Id.* at 346, 100 S.Ct. at 2229. The Court stated:

> Where ... a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's interest in the exercise of that discretion is merely a matter of state procedural law. The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, and that liberty interest is one the Fourteenth Amendment preserves against arbitrary deprivations by the State.

*Id.*

Similarly, in *Willeford v. Estelle,* 637 F.2d 271 (5th Cir.1981), the petitioner was convicted of being an habitual drug offender. He should have been sentenced under the special habitual drug offender statute that fixed a term of imprisonment for not less than ten years. Instead, he was erroneously sentenced under the general recidivist statute to life imprisonment. This court held that the petitioner's claim was cognizable by the federal habeas corpus court. *Id.* at 272. *See also Hickerson v. Maggio,* 691 F.2d 792, 794 (5th Cir.1982) (*Hicks* rule not limited to cases in which sentence imposed by a jury); *Prater v. Maggio,* 686 F.2d 346, 349–50 (5th Cir.1982); *Hill v. Estelle,* 653 F.2d 202, 204 (5th Cir.1981).

■ In the instant case, Browne claims that by improperly assigning him a mandatory prison term under an inapplicable statute, the state improperly deprived him of his liberty interest in a proper exercise of the sentencing authority's discretion. Although this claim primarily implicates questions of state law, under *Hicks* and its progeny, the claim is one cognizable in federal habeas corpus.

■ Browne contends that the court erroneously enhanced his sentence under Article 63 with the prior federal conviction. The state replies that Browne failed to exhaust this claim in state court. We reject the state's argument. An examination of the briefs filed in both the direct and collateral state appeals demonstrates that Browne presented this precise issue to the state courts. The state also argues that Browne must re-exhaust the issue in light of the supervening changes in the law wrought by *Hicks* and *Willeford.* The rights defined in *Hicks* are entirely dependent on the existence of a valid claim under state law. Because the Texas courts have already rejected Browne's underlying state law claim, to require him to re-exhaust would be a futile gesture.

■ Under Texas law, it was improper to use a federal conviction for enhancement purposes under Article 63 unless the offense was also denounced by the laws of Texas as a felony. *Ex parte Scafe,* 334 S.W.2d 170, 171 (Tex.Cr.App.1960); *Ex parte Puckett,* 165 Tex.Cr.R. 605, 310 S.W.2d 117, 117–18 (1958); *Garcia v. State,* 140 Tex.Cr.R. 340, 145 S.W.2d 180, 181 (1940); *Arnold v. State,* 127 Tex.Cr.R. 89, 74 S.W.2d 997, 999 (1934). *See also Ex parte Blume,* 618 S.W.2d 373, 375–76 (Tex.Cr.App.1981) (applying the rule announced under the old code to new recidivist statute, V.T.C.A. Penal Code, Sec. 12.-42), and *Montgomery v. State,* 571 S.W.2d 18, 19 (Tex.Cr.App.1978) (same). The federal conviction employed to enhance Browne's sentence was for a violation of 26 U.S.C. § 4704 (repealed). That statute made criminal the purchasing of a narcotic drug not in or from the original package and not having attached thereto the appropriate tax paid stamps, as required by the Internal Revenue Code. This was not an offense denounced as a felony by the laws of Texas. Therefore, under the *Arnold* line of cases, it was improper to enhance Browne's sentence with this prior federal conviction. This left only one prior conviction available for enhancement purposes. Yet Article 63 expressly applied only if there were a total of three felony convictions. It follows that Browne was improperly sentenced under Article 63.

Browne contends that Article 725b(23), Vernon's Ann.P.C. (repealed), was the proper sentencing statute.[1] Although the state disputes this contention, we need not resolve the matter. Every statute that potentially applies grants the state's sentencing authority discretion in sentencing. By erroneously applying Article 63 rather than sentencing Browne under one of these discretionary statutes, the state improperly deprived him of his due process rights. Habeas corpus relief is appropriate. According-

---

1.  Art. 725b(23) provided in part:
    Any person violating any provision of this Act shall, upon conviction be punished by confinement in the State penitentiary for not less than two (2) years nor more than life, and upon the second or any subsequent con-
    viction therefor shall be punished by confinement in the penitentiary for life, or for any term of years not less than ten (10), and the benefits of the suspended sentence law shall not be available to a defendant convicted for a violation of the provisions of this Act ....

ly, the judgment of the district court is REVERSED and the case is REMANDED with directions to the district court to grant Browne's petition for a writ of habeas corpus unless within a reasonable time, the state of Texas affords petitioner a procedure that will allow his proper sentencing under Texas law.

REVERSED and REMANDED WITH DIRECTIONS.