William David BROWNE,
Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 82–2355.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1984.

Bertrand C. Moser, court appointed, Houston, Tex., for petitioner-appellant.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, GOLDBERG and POLITZ, Circuit Judges.

ON PETITION FOR REHEARING.

PER CURIAM:

On petition for rehearing, the state of Texas contends we incorrectly held that Browne's prior federal conviction under 26 U.S.C. § 4704 (repealed) could not be used under Article 63, Vernon's Ann.P.C. (repealed), to enhance Browne's sentence. The state argues that under the law applicable to this case, a prior conviction could be used for enhancement when the facts necessary to establish guilt under that prior conviction could have also established proper grounds for prosecution under a Texas statute. We grant the petition for rehearing, withdraw the last sentence of the first paragraph and that part of our earlier holding that appears at 712 F.2d 1003 and after headnotes [4, 5], and substitute the following conclusion:

■ In *Lopez v. State*, 352 S.W.2d 747 (Tex.Cr.App.1961), *cert. denied*, 370 U.S. 954, 82 S.Ct. 1604, 8 L.Ed.2d 819 (1962), the defendant was convicted under Article 725b, Vernon's Ann.P.C., for possession of heroin. The indictment alleged three prior federal felony convictions; two under 26 U.S.C. § 2593(a) (later codified at 26 U.S.C. § 4744) (now repealed) and one for importing a narcotic. 352 S.W.2d at 748. Section 2593(a) rendered unlawful the possession of marihuana by persons who had not paid the required transfer tax. The defendant argued that the prior federal convictions could not be used for enhancement. The court rejected this argument and held:

> The facts necessary to establish appellant's guilt under any of the prior convictions alleged for enhancement would have constituted proper grounds for a

prosecution under Article 725b, V.A.P.C., for possession of a narcotic drug.

352 S.W.2d at 748–49; *see also Taylor v. State*, 172 Tex.Cr.R. 461, 358 S.W.2d 124, 126 (1962) (following *Lopez*), *cert. denied*, 371 U.S. 848, 83 S.Ct. 88, 9 L.Ed.2d 85 (1962), *overruled on other grounds, Ex parte Wilson*, 588 S.W.2d 905 (Tex.Cr.App. 1979). These authorities, the only authoritative Texas decisions on point, provide:

> [A] prior federal conviction used for enhancement of punishment, although clearly a felony under federal law, must also be an offense which is denounced by the laws of Texas as a felony. *Ex parte Smith*, 548 S.W.2d 410 (Tex.Cr.App.1977); *Ex parte Scafe*, 334 S.W.2d 170 (Tex.Cr. App.1960); *Ex parte Puckett*, 165 Tex. Cr.R. 605, 310 S.W.2d 117 (1958); *Clark v. State*, 154 Tex.Cr.R. 581, 230 S.W.2d 234 (1950). Therefore, we must look to the conduct which formed the basis of appellant's federal conviction to see if like conduct would constitute a felony offense denounced by the laws of Texas.

*Montgomery v. State*, 571 S.W.2d 18, 19 (Tex.Cr.App.1978), *overruled, Ex parte Blume*, 618 S.W.2d 373 (Tex.Cr.App.1981) (en banc).[1] The appropriate inquiry is not whether the elements of the prior federal conviction precisely correspond to a Texas statute but whether the conduct necessary to establish the prior federal conviction could also establish the violation of a Texas law.

■ To be convicted of the felony condemned by 26 U.S.C. § 4704, Browne had to be found guilty of (1) purchasing, selling, dispensing, or distributing (2) narcotic drugs (3) that were not in their original stamped package.[2] This conduct violates

1. *Blume* acknowledged that the general rule set forth in *Montgomery*, and quoted in the text, was valid under prior Texas law. 618 S.W.2d at 376. *Montgomery* was overruled because it should have applied the policy established by the revised Texas Penal Code. The *Blume* court stated that under present Texas law, as codified at Tex.Penal Code Ann. § 12.41 (Vernon 1974), a federal conviction for an offense that does not constitute a felony under Texas law may nevertheless be used for enhancement if the federal conviction is for a felony. In other words, *any* federal felony conviction may

now be used for enhancement even though this federal felony is not denounced by the laws of Texas as a felony. The applicable law in Browne's case is the law as it existed prior to the effective date of the new Texas Penal Code.

2. Section 4704 exempted persons obtaining drugs for legitimate medical use pursuant to a prescription and medical practitioners who dispensed drugs in the course of their professional practice.

Vernon's Ann.P.C., art. 725b, § 2(a), which prohibits any person from (1) manufacturing, possessing, having, controlling, selling, prescribing, administering, dispensing, compounding, offering to sell, or offering to buy (2) any narcotic drug.[3] Article 725b was in effect at the time of the federal conviction.[4]

Browne was properly sentenced under Article 63. The decision of the district court denying habeas relief is

AFFIRMED.

**3.** Article 725b established exemptions similar to those made by § 4704. *See supra* note 2.

**4.** Section 4704 has been repealed. The new Texas Penal Code, which replaced the prior enactments on drug possession, prohibits identical conduct.