**Kermit GABEL, Petitioner-Appellee,**

**v.**

**O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 85–1704.**

United States Court of Appeals, Fifth Circuit.

Dec. 31, 1986.

Charles A. Palmer, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellant.

**1258**

Gary A. Udashen (Court appointed co-counsel), Kermit Gabel, George R. Milner (Court appointed), Dallas, Tex., for petitioner-appellee.

Before CLARK, Chief Judge, GARZA, and HIGGINBOTHAM, Circuit Judges.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion October 29, 5th Cir.1986, 803 F.2d 814)

PER CURIAM:

On petition for rehearing, Gabel contends that we incorrectly followed *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir.1982), and *Kemph v. Estelle*, 621 F.2d 162, 163 (5th Cir.1980), in holding that Gabel's claim that a federal offense was improperly used to enhance his state sentence is purely an evidentiary matter of state law not subject to federal habeas review. He argues that the proper authority is *Browne v. Estelle*, 712 F.2d 1003 (5th Cir.1983), in which the court states that a claim identical to Gabel's is cognizable in federal habeas corpus, *id.* at 1005.

The original opinion in *Browne* held that the defendant's sentence was improperly enhanced and reversed the district court's denial of habeas corpus. *Id.* at 1005–06. On rehearing, the court withdrew the portion of the original opinion holding that enhancement was improper. *Browne v. Estelle*, 721 F.2d 1037, 1038 (5th Cir.1984). Instead, the court held that enhancement was proper and affirmed the district court. *Id.* at 1038–39. The opinion on rehearing did not withdraw the portion of the original opinion concluding that the defendant's claim was cognizable on habeas review. Nevertheless, the change in outcome on rehearing made that portion of the original opinion unnecessary to the result. The conclusion in *Browne* that the claim of improper enhancement was cognizable on

habeas review was dicta. *Rubio* and *Kemph* are the law of this circuit. Gabel's claim that a federal offense was improperly used to enhance his state conviction is not cognizable on federal habeas corpus review.

The petition for rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing en banc is DENIED.