

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

October 21, 1992

Mr. Lionel R. Meno
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. DM-175

Re: Whether article VII, section 5(d) of the Texas Constitution permits the State Board of Education to lend securities owned by the permanent school fund in the manner and for the purpose set forth in section 15.14 of the Education Code (RQ-425)

Dear Commissioner Meno:

You have requested an opinion regarding the constitutionality of section 15.14 of the Education Code. In 1982, this office concluded that this section violated article VII, sections 4 and 5 of the Texas Constitution. *See* Attorney General Opinion MW-429 (1982). Since that time, however, both sections 4 and 5 have been amended. You ask whether the amendment that added section 5(d) to article VII now makes section 15.14 of the Education Code constitutional. We conclude that article VII, section 5(d) supersedes Attorney General Opinion MW-429. However, because the legislature did not have the authority to adopt section 15.14 in 1979, it is void and is not revived by the adoption of the constitutional amendment in 1987. On the other hand, article VII, section 5(d), by itself, gives the Board of Education the authority to make the type of investment the legislature tried to authorize in section 15.14, if the investment meets the prudent-person standard.

Chapter 15 of the Education Code governs the permanent school fund and the available school fund, both established by article VII, section 5 of the Texas Constitution. Section 15.14(a) provides:

> The State Board of Education is authorized and empowered to contract with a commercial bank or banks to serve both as a custodian of securities in which the state permanent school funds are invested and to lend these securities, under the conditions set out in Subsection (b) of this section, to securities brokers and dealers on short-term loan.

Educ. Code § 15.14(a). Subsection (b) establishes various requirements for the securities-loan program, including requirements designed to protect against losses.

In Attorney General Opinion MW-429, this office concluded that section 15.14 violated article VII, sections 4 and 5 of the Texas Constitution[1] in two ways. First, section 15.14 unconstitutionally permitted the Board of Education to perform an investment function that could be performed only by the official designated in section 4.[2] Second, section 15.14 contravened the phrase "the State shall be responsible for all investments" by delegating the investment function to a commercial bank.

In 1987, however, article VII, section 5 was amended to include subsection (d). Subsection (d) states:

> Notwithstanding any other provision of this constitution, in managing the assets of the permanent school fund, the State Board of Education may acquire, exchange, sell, supervise, manage, or retain, through procedures and subject to restrictions it establishes and in amounts it considers appropriate, any kind of investment, including investments in the Texas Growth fund created by Article XVI, Section 70, of this constitution, that persons of ordinary prudence, discretion, and intelligence, exercising the judgment and care under the circumstances then

---

[1]Article VII, section 4 states as follows:

> The lands herein set apart to the Public Free School fund, shall be sold under such regulations, at such times, and on such terms as may be prescribed by law; and the Legislature shall not have power to grant any relief to purchasers thereof. The proceeds of such sales must be used to acquire other land for the Public Free School fund as provided by law and the proceeds shall be invested by the treasurer, as may be directed by the Board of Education herein provided for, in the bonds of the United States, the State of Texas, or counties in said state, or in such other securities, and under such restrictions as may be prescribed by law; and the State shall be responsible for all investments.

Along with establishing the permanent and available school funds, article VII, section 5 governs the use, distribution, and investment of these funds. Attorney General Opinion MW-429 did not articulate how section 15.14 violated article VII, section 5.

[2]At the time Attorney General Opinion MW-429 was issued, the comptroller was the official directed to make investments under section 4. In 1985, however, section 4 was amended to substitute the treasurer for the comptroller.

> prevailing, acquire or retain for their own account in the management of their affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital.

This subsection effectively supplants the decision in Attorney General Opinion MW-429. Although the legislative history of the amendments does not clearly indicate the intent to make the Board of Education, as opposed to the treasurer, responsible for investing the assets of the permanent school fund, the plain language of the subsection clearly leads to this result: The subsection states that the *Board of Education* has the power to manage and invest the assets of the permanent school fund. The securities-loan program under section 15.14 constitutes an investment of these assets. Attorney General Opinion MW-429 at 3. The subsection also specifically states that it prevails over any contrary constitutional provisions. Therefore, the Board of Education has the authority to make investments under article VII, section 5(d) even though article VII, section 4 appears to give the treasurer the power to invest the assets of the permanent school fund. In addition, the Board of Education's investment authority prevails over the language in article VII, section 4 that purports to make the state responsible for all investments.

Article VII, section 5(d) does not, however, revive section 15.14 of the Education Code. Constitutional provisions operate prospectively. *Ex parte Smith*, 548 S.W.2d 410, 413 (Tex. Crim App. 1977). An amendment to the constitution does not revive an unconstitutional statute unless that amendment expressly adopts or ratifies the statute. Attorney General Opinion MW-40 (1979) at 2; *see also Hutchinson v. Patching*, 126 S.W. 1107, 1108 (Tex. 1910) (holding a statute constitutional when it was expressly ratified by a constitutional amendment). Neither article VII, section 5(d) nor any of the other constitutional amendments adopted at the same time[3] contain any language that could be interpreted as expressly adopting or ratifying section 15.14 of the Education Code.

---

[3]Article VII, section 5(d) was adopted as a part of the constitutional amendments establishing the Texas growth fund. These amendments also added article XVI, section 70, which establishes the Texas growth fund, and article VII, section 11b, which authorizes the Board of Regents of The University of Texas System to make any prudent investment in managing the permanent university fund. In addition, the amendments included an unnumbered, transitional provision, which governed the initial appointments to the board of trustees of the Texas growth fund.

On the other hand, we conclude that article VII, section 5(d), by itself, gives the Board of Education the authority to make the type of investment the legislature tried to authorize in section 15.14, assuming that the investment meets the prudent-person standard. Article VII, section 5(d) expressly gives the Board of Education the authority to make *any kind* of prudent investment in managing the assets of the permanent school fund.  Because the securities-loan program constitutes an investment of these assets, article VII, section 5(d) permits the Board of Education to use it even without additional enabling legislation, provided that the program is a prudent investment as defined by article VII, section 5(d).[4]

## S U M M A R Y

Article VII, section 5(d) of the Texas Constitution supersedes Attorney General Opinion MW-429 (1982).   However, because the legislature did not have the authority to adopt section 15.14 in 1979, it is void and is not revived by the adoption of the constitutional amendment in 1987.  On the other hand, article VII, section 5(d) gives the Board of Education the authority to make any kind of prudent investment in managing the assets of the permanent school fund.  This authority includes the authority to make an investment like the securities-loan program that the legislature attempted to authorize in section 15.14, provided that this program meets the prudent-person standard set out in article VII, section 5(d).

Very truly yours,

DAN   MORALES
Attorney General of Texas

---

[4]We cannot determine whether the securities-loan program would be a prudent investment under the standard contained in article VII, section 5(d).  Whether the securities-loan program meets the prudent-person standard is a question of fact, which cannot be answered in the opinion process.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Margaret A. Roll
Assistant Attorney General