

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,360-01

### EX PARTE DERRICK KEITH COOKE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-1-009379-0849683-A IN CRIMINAL DISTRICT COURT NO. ONE
### FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault and sentenced to three years' imprisonment. The Second Court of Appeals affirmed his conviction. *Cooke v. State*, No. 02-08-00027-CR (Tex. App.—Fort Worth 2009, pet. ref'd).

Applicant contends, among other things, that trial counsel failed to object to a prior New Mexico conviction that elevated Applicant's offense to a third degree felony. Counsel filed a sworn affidavit and said he "reviewed the applicability of the New Mexico law and compared it to Texas law. In my opinion, the New Mexico law was substantially the same as Texas law and therefore met

the definition." The trial court found his affidavit credible and concluded that in 2001, § 22.01 of the Penal Code did not prohibit the use of out-of-state convictions as enhancements. The trial court also cited *Garcia v. State*, where we said that felony convictions from other states can enhance a defendant's sentence in Texas. 145 S.W.2d 180 (Tex. Crim. App. 1940). We believe the record is not sufficient to resolve Applicant's claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether the 2001 version of § 22.01 authorized the use of an out-of-state conviction to elevate a family assault offense from a Class A misdemeanor to a third degree felony. The trial court shall also determine whether Applicant had other assault convictions that could have elevated his offense to a third degree felony. Finally, the trial court shall make further findings and conclusions as to whether counsel was deficient and Applicant was prejudiced. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 23, 2014
Do not publish