

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-17-00636-CR

Kevin Roy **FOWLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR0957
Honorable Laura Lee Parker, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  October 17, 2018

AFFIRMED

A jury convicted appellant Kevin Fowler of unlawful possession of a firearm by a felon. At sentencing, the trial court found the habitual offender enhancement allegations true and sentenced Fowler to twenty-five years' confinement.  In a single issue, Fowler contends the evidence is legally insufficient to prove one of the habitual offender enhancements was true, and therefore, he should have been sentenced as a repeat as opposed to a habitual offender.  We affirm the trial court's judgment.

**BACKGROUND**

Fowler was arrested for the offense of unlawful possession of a firearm by a felon. In the subsequent indictment, the State charged Fowler with the offense for which he was arrested and further alleged Fowler was a habitual offender based on two prior federal, felony convictions — possession of a machine gun in 2001 and escape in 2008. At trial, the jury found appellant guilty of the unlawful possession offense.

During sentencing, the State presented evidence regarding Fowler's prior federal convictions for purposes of establishing the habitual offender enhancement allegations in the indictment. The evidence consisted of: (1) testimony from a retired Secret Service agent with knowledge of Fowler's prior escape conviction; and (2) documentary exhibits, i.e., judgments for the 2001 possession of a machine gun offense from the United States District Court, Southern District of Texas, and the 2008 escape offense from the United States District Court, Western District of Texas. Based on this evidence, the trial court found the habitual offender enhancements true and assessed punishment at twenty-five years' confinement.

**ANALYSIS**

In his sole appellate issue, Fowler contends there was insufficient evidence to support the trial court's finding of "true" with regard to one of the habitual offender enhancement allegations. Specifically, Fowler argues the State failed to prove his prior federal conviction for the offense of escape is a felony, and therefore, it could not be used for enhancement. Accordingly, he contends he was improperly sentenced as a habitual offender. We disagree.

*Standard of Review*

With regard to enhancement allegations, a trial court considers whether the totality of the evidence establishes beyond a reasonable doubt that the defendant was previously convicted of the enhancement offense as alleged in the indictment. *Wood v. State*, 486 S.W.3d 583, 589 (Tex.

Crim. App. 2016). When reviewing the evidence to determine whether it is sufficient to support a finding that an enhancement allegation is "true," we consider all of the evidence in the light most favorable to the trial court's finding and determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *Henry v. State*, 509 S.W.3d 915, 919 (Tex. Crim. App. 2016) (citing *Wood*, 486 S.W.3d at 589); *Lee v. State*, No. 04-16-00770-CR, 2018 WL 2694830, at *5 (Tex. App.—San Antonio Aug. 22, 2018, pet. ref'd) (same).

*Application*

Under Section 12.42(d) of the Texas Penal Code ("the Code"), when a "[d]efendant has previously been finally convicted of two felony offenses … the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25." TEX. PENAL CODE ANN. § 12.42(d). This is referred to as the habitual offender sentence enhancement. When, as here, a defendant's prior convictions resulted from a prosecution in a jurisdiction other than Texas, we must determine how the offense is to be classified under Texas law in order to determine the applicability of section 12.42(d). *Id.* § 12.41.

The Code classifies a conviction "not obtained from a prosecution" thereunder as a "felony in the third degree" if imprisonment in a penitentiary "is affixed to the offense as a possible punishment." *Id.*; *see Ex parte Pue*, 552 S.W.3d 226, 232 (Tex. Crim. App. 2018); *Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981). Thus, the question in this case is whether Fowler's prior federal conviction for the offense of escape subjected him to imprisonment in a penitentiary as a possible punishment. *See* TEX. PENAL CODE ANN. §§ 12.41, 12.42(d). Accordingly, we must review the evidence produced by the State to determine whether it proved Fowler was subject to imprisonment for the federal offense of escape.

The evidence in this case — specifically the federal judgment of conviction for the escape offense — establishes Fowler was sentenced to twelve months imprisonment. Therefore, it is self-

evident that imprisonment in a penitentiary "[was] affixed to the offense as a possible punishment." TEX. PENAL CODE ANN. § 12.41. Accordingly, the federal escape offense was a felony for purposes of the habitual offender enhancement statute. *See id.* §§ 12.41, 12.42(d). Coupled with the prior conviction for possession of a machine gun, which Fowler concedes is a felony for purposes of the habitual offender statute, the escape conviction subjected Fowler to the rigors of the habitual offender enhancement statute — two prior, final felony convictions.

Fowler seems to suggest the evidence was insufficient because escape can be a misdemeanor or a felony under federal law. However, this is not the proper inquiry. The proper inquiry is whether the federal offense for which Fowler was previously convicted subjected him to possible incarceration. *See* TEX. PENAL CODE ANN. § 12.41. As discussed above, Fowler was sentenced for the federal escape offense twelve months' imprisonment. Thus, he was obviously subject to possible imprisonment for the offense. The State was not required to prove his prior escape conviction was a felony under federal law, only that he was subject to possible imprisonment. *See id.*

## CONCLUSION

Based on the foregoing analysis, we hold the evidence is sufficient to prove Fowler was previously convicted of two felonies that predated the current offense. Accordingly, we overrule Fowler's sole issue on appeal and affirm the trial court's judgment.

Marialyn Barnard, Justice

Publish