# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO.  03-19-00471-CR

---

**Gerald Wilson Thomas, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2017-549, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Gerald Wilson Thomas appeals his conviction of aggravated assault against a family member with a deadly weapon, involving the stabbing of his wife, for which he received a sentence of 99 years' imprisonment, enhanced by prior convictions.  In five issues, he contends that:  (1) his sentence violates constitutional prohibitions against cruel and unusual punishment; (2) his trial counsel was ineffective for failing to object to that sentence; (3) his sentence was improperly enhanced and is illegal; (4) his judgment of conviction should be reformed to accurately reflect that his conviction was for a second-degree felony offense and not a first-degree felony; and (5) his judgment of conviction incorrectly includes a deadly weapon finding that the jury did not make.  We will modify the district court's judgment to accurately reflect Thomas's conviction of the second-degree felony offense of aggravated assault against a family member with a deadly weapon and, as modified, affirm the judgment.

## BACKGROUND[1]

The State read Thomas's indictment during his formal arraignment on the first day of trial, and he pled guilty without a plea agreement to that indictment, which alleged in part:

> Prosecutor: [O]n or about the 5th day of April, 2017, Gerald Wilson Thomas, hereinafter styled Defendant, did then and there intentionally, knowingly, or recklessly cause bodily injury to Samantha Gonzalez [pseudonym], a person whose relationship to or association with the Defendant is described by Section 71.0021(b), Section 71.003, or Section 71.005 of the Texas Family Code, by stabbing the face, the head, the arm or arms, the hand, the finger or fingers, or the leg of the said Samantha Gonzalez . . . , with a knife, and during the commission of said assault, the said Gerald Wilson Thomas did use or exhibit a deadly weapon, to-wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury. Against the Peace and Dignity of the State. Signed by the foreperson of this grand jury.
>
> The Court: Defendant will please rise. Having heard the charges, sir, how do you plead in this matter?
>
> Thomas: Your Honor, I plead guilty to the charges.

The district court acknowledged that Thomas had "pled guilty to the offense of Aggravated Assault Against a Family Member with a Deadly Weapon" and instructed the jury to find him guilty. [2] The jury found Thomas guilty as charged in the indictment, and the case proceeded to punishment, after which the jury found two enhancement paragraphs in the indictment to be true and assessed Thomas's punishment at 99 years' imprisonment. The district court entered a judgment on the jury's verdicts. This appeal followed.

---

[1] Because the parties are familiar with the facts of this case and because there is no challenge to the sufficiency of the evidence supporting Thomas's conviction, detailed recitation of the facts underlying his conviction is unnecessary to our disposition of the appellate issues. *See* Tex. R. App. P. 47.1.

[2] Rather than proceed to a unitary trial after Thomas's plea of guilty to the jury, *see In re State ex rel. Tharp*, 393 S.W.3d 751, 758 (Tex. Crim. App. 2012), the district court charged the jury on guilt/innocence and punishment separately.

## DISCUSSION

**Unconstitutional-sentence complaint**

Thomas contends that his sentence violates constitutional prohibitions against cruel and unusual punishment. *See* U.S. Const. amends. VIII, XIV; Tex. Const. art. I, § 13. The State responds that this issue was not preserved for our review. We agree.

"A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced." *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). Failure to complain about an allegedly disproportionate sentence in the trial court forfeits the error on appeal. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (concluding that defendant's failure to object forfeited his complaint that his sentence violated Texas Constitution's prohibition against cruel and unusual punishment); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (concluding that Eighth Amendment complaints not raised in trial court are forfeited); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.) (noting that claims of cruel and unusual punishment must be presented timely or are "waived"); *see also* Tex. R. App. P. 33.1(a) (addressing error preservation); *Bitterman v. State*, 180 S.W.3d 139, 142–43 (Tex. Crim. App. 2005) (noting limited circumstances in which complaint may be raised for first time in motion for new trial).

Here, Thomas failed to present any complaint about his sentence during the punishment phase of trial when that sentence was pronounced. Accordingly, we conclude that this issue was not preserved for our review. *See* Tex. R. App. P. 33.1(a); *Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d at 497; *Williams*, 191 S.W.3d at 262; *see also Fuller v. State*, No. 03-18-00709-CR, 2020 Tex. App. LEXIS 4773, at *17 (Tex. App.—Austin June 25, 2006, no pet.) (mem. op., not designated for publication). We overrule Thomas's first issue.

**Ineffective-assistance-of-counsel complaint**

In a related issue, Thomas contends that his trial counsel was ineffective for failing to object to his sentence as an unconstitutional "cruel and unusual punishment." An ineffective-assistance-of-counsel claim requires the defendant to prove (1) counsel's deficient performance and (2) prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). The deficient-performance component of the *Strickland* standard requires the defendant to prove by a preponderance of the evidence that his counsel's performance fell below the standard of prevailing professional norms. *Strickland*, 466 U.S. at 688; *Perez*, 310 S.W.3d at 893. Our review of defense counsel's performance is "highly deferential," and counsel is afforded a "strong presumption" that his conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Perez*, 310 S.W.3d at 893. To rebut that presumption, a defendant's ineffective-assistance claim must be "firmly founded in the record," and the record "must affirmatively demonstrate" the meritorious nature of the claim. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

The prejudice component of the *Strickland* standard requires proof by a preponderance of evidence that, but for counsel's deficiency, there is a reasonable probability—sufficient to undermine confidence in the outcome—that the result of the trial would have been different. *Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 893. If the deficient performance might have affected a punishment verdict, the prejudice issue is whether there is a reasonable probability that, absent the errors, the sentencer would have assessed a more lenient punishment. *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). "It is not enough for the defendant

to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 894. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700; *see Perez*, 310 S.W.3d at 893.

Ordinarily, trial counsel should be afforded an opportunity to explain his actions before being denounced as ineffective. *Goodspeed*, 187 S.W.3d at 392. We should not find deficient performance without affording counsel that opportunity unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (internal quotation omitted). Direct appeal is usually an inadequate vehicle for raising a claim of counsel's ineffectiveness because the record is generally undeveloped. *Id.* When, as here, the record is silent on the motivations underlying counsel's tactical decisions, the defendant typically cannot overcome the strong presumption that counsel's conduct was reasonable. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

A defendant alleging an ineffective-assistance-of-counsel claim based on a failure to object to a pronounced sentence must show that if his counsel had objected, the trial court would have committed harmful error by overruling the objection. *Jacoby v. State*, 227 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Thomas cannot make that showing. During the punishment phase of trial, the jury was presented with evidence of Thomas's extensive criminal history, including convictions for felony attempted aggravated assault in Arizona in 2009, misdemeanor assault in Utah in 2013, and felony corporal injury of a prior spouse in California in 2014. Further, the jury heard the victim in this case, Thomas's wife at the time, testify about how he stabbed her repeatedly with a knife while she was on the floor of a bedroom

5

closet where she had attempted to hide from him by holding the door closed with a robe tie. The jury saw her cuts, bruising, and scarring from the assault. The jury also heard her testify about Thomas's prior abuse of her and a protective order that she sought against him. After deliberation, the jury assessed punishment at 99 years' imprisonment.

The range of punishment for aggravated assault with a deadly weapon, a second-degree felony, is typically 2 to 20 years' imprisonment. Tex. Penal Code §§ 12.33, 22.02(a)(2), (b). But because Thomas was a habitual offender, the applicable range of punishment was from 25 to 99 years. *Id.* § 12.42(d). Punishment that falls within the statutory limits is not cruel or unusual punishment. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). Because Thomas's sentence falls within the statutory limits, it was not cruel or unusual, and on this silent record, we cannot conclude that defense counsel's decision not to challenge that sentence fell below the standard of professional norms or that his challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392; *Gavin v. State*, 404 S.W.3d 597, 606-07 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (concluding that because sentence assessed was within statutory limits, trial counsel's failure to object to sentence as cruel and unusual did not constitute ineffective assistance of counsel); *Jagaroo*, 180 S.W.3d at 801 (determining that sentence within punishment range was not cruel and unusual and stating that counsel is not ineffective by refraining from "making frivolous arguments and objections"). Absent a showing of deficient performance, we need not address whether there was prejudice to the defense. *Miranda v. State*, 993 S.W.2d 323, 329 (Tex. App.—Austin 1999, no pet.). We overrule Thomas's second issue.

**Illegal-sentence complaint**

Thomas further contends that his sentence was improperly enhanced and is illegal. He asserts that his prior convictions in Arizona and California were the equivalent of a state-jail felony or misdemeanor in Texas and thus, could not have been used to enhance his sentence for this felony offense. *See* Tex. Penal Code § 12.42(b).

The Legislature enacted section 12.41 of the Penal Code "to deal specifically with the classification for enhancement purposes of convictions obtained outside the Penal Code." *Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981). Subsection 12.41(1) of that statute addresses non-Texas Penal Code convictions, such as out-of-state convictions, and specifies that such a conviction is classified as a "'felony of the third degree' if imprisonment in the Texas Department of Criminal Justice or another penitentiary is affixed to the offense as a possible punishment." Tex. Penal Code § 12.41(1); *see Davis v. State*, 645 S.W.2d 288, 292 (Tex. Crim. App. 1983) ("we are required to consider sister state and federal convictions—if punishable by confinement in a penitentiary—to be third degree felonies for purposes of enhancing punishment or punishing an accused as a repeat offender"); *Fowler v. State*, 567 S.W.3d 403, 405 (Tex. App.—San Antonio 2018, no pet.) (noting that proper inquiry is whether offense for which defendant was previously convicted subjected him to possible incarceration). Under the habitual-offender statute, a defendant's punishment may be increased to a range of 25 to 99 years or life:

> [I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more

than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.

Tex. Penal Code § 12.42(d).

Here, the jury found that Thomas was convicted of felony attempted aggravated assault in Arizona in 2009 (as alleged in indictment's first enhancement paragraph) and that after this 2009 felony conviction, Thomas was convicted of felony corporal injury of spouse in California in 2014 (as alleged in the indictment's second enhancement paragraph). The 2009 Arizona judgment admitted into evidence shows that Thomas was convicted of felony attempted aggravated assault and sentenced to a one-year "term of imprisonment" in the Arizona Department of Corrections. Section 13-105 of the Arizona Revised Statutes defines a felony as "an offense for which a sentence to a term of imprisonment in the custody of the state department of corrections is authorized by any law of this state." Ariz. Rev. Stat. § 13-105(18).

The 2014 California judgment admitted into evidence shows that Thomas was convicted of felony "corporal injury of spouse" and sentenced "to prison" for two years. He was sentenced under a subsection of the California Penal Code providing that:

> (a) Any person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000), or by both that fine and imprisonment.

Cal. Penal Code § 273.5(a). Thus, Thomas's two prior felony convictions that the jury found true were properly used to enhance his sentence under the provisions of subsection 12.41(1) and the habitual-offender statute in the Texas Penal Code. *See* Tex. Penal Code §§ 12.41(1), .42(d); *Davis*, 645 S.W.2d at 292; *Blume*, 618 S.W.2d at 376 (concluding that federal conviction could

8

be used for enhancement of Texas conviction and noting that "the federal offense for which petitioner was convicted carried confinement in the penitentiary as a possible punishment"). We overrule Thomas's third issue.

**Modification of judgment**

Thomas contends that his judgment of conviction should be modified to reflect that he was convicted of a "second degree," not a "first degree," felony offense. The State agrees.

The record reflects that on the first day of trial, the State amended Thomas's indictment to remove "serious" from the allegation of "serious bodily injury" and proceeded to trial on the lesser-included offense of second-degree felony aggravated assault against a family member with a deadly weapon. *See* Tex. Penal Code § 22.01(a)(2), (b)(1). The offense referenced during formal arraignment before the jury and in the district court's reading of its charge during the guilt-innocence phase was the second-degree felony of aggravated assault against a family member with a deadly weapon. The jury's finding that the enhancement paragraphs of the indictment were true increased the applicable punishment range to that of a habitual offender, equivalent to a first-degree felony, but the charged offense remained the same. *See id.* § 12.42(b).

We have authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) ("Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the

9

record."). Thus, we sustain Thomas's fourth issue by modifying the district court's judgment of conviction to accurately reflect that the "Degree of Offense" is a "Second-Degree Felony Enhanced to Habitual Offender (25 Years to 99 Years or Life)" and that the "Statute for Offense" from the Penal Code is "22.02(a)(2)." *See* Tex. Penal Code §§ 12.42(d), 22.02(a)(2).

**Deadly weapon finding**

Thomas's final issue contends that the judgment of conviction incorrectly includes a deadly weapon finding that the jury did not make. Specifically, Thomas complains that the jury was "never given the opportunity" to make a deadly weapon finding and "never made an express affirmative deadly weapon finding." The State responds that Thomas failed to preserve this issue for our review. We agree with the State.

As we have noted, Thomas pled guilty before the jury to the indictment containing the deadly weapon allegation. He later informed the district court that he had no objections or changes to the jury charge on punishment—which incorporated references to the jury's finding Thomas guilty of aggravated assault against a family member with a deadly weapon—and he did not request submission of a special issue to the jury requiring a deadly weapon finding.[3] After the verdict on punishment, Thomas did not object to the deadly weapon finding and did not file a motion for new trial challenging that finding. We note that Thomas's presentation of this issue does not challenge the sufficiency of the evidence supporting the deadly weapon finding. *Cf. Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (noting that appellate challenges to sufficiency of evidence supporting deadly

---

[3] The record reflects that before the defense rested during the punishment phase, Thomas's counsel stated, "I don't know if we need to put anything on the record about the charge; just that we're all good with it, I guess." The district court then asked, "Are there any changes or objections?" and Thomas's counsel replied, "No, Your Honor."

weapon finding require no objection in trial court); *cf. also West v. State*, No. 03-01-00309-CR, 2002 Tex. App. LEXIS 4200, at *5 (Tex. App.—Austin June 13, 2002, pet. ref'd) (not designated for publication) (noting that "challenges to the legal sufficiency of evidence concerning deadly weapon findings in particular do not need to be preserved at the trial level").

We conclude that Thomas's lack of complaint to the district court about the deadly weapon finding failed to preserve his complaint for appellate review. *See* Tex. R. App. P. 33.1(a); *Smith v. State*, 176 S.W.3d 907, 918 (Tex. App.—Dallas 2005, pet. ref'd) (concluding that defendant failed to make objection during trial comporting with his appellate complaint about sufficiency of evidence supporting deadly weapon finding). We overrule Thomas's fifth issue.

## CONCLUSION

We modify the district court's judgment of conviction to accurately reflect that Thomas's "Degree of Offense" is a "Second-Degree Felony Enhanced to Habitual Offender (25 Years to 99 Years or Life)" and that the "Statute for Offense" from the Penal Code is "22.02(a)(2)" and, as modified, affirm the district court's judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Modified And, As Modified, Affirmed

Filed:   July 8, 2021

Do Not Publish

11